CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  *burrow@caldwell-leslie.com*
ARWEN R. JOHNSON, State Bar No. 247583
  *johnson@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California  90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for TMZ PRODUCTIONS, INC., a California corporation, and TIME WARNER INC., a Delaware corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TMZ PRODUCTIONS, INC., a California corporation; TMZ.com, a fictional entity of unknown form; TIME WARNER, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No. CV 10-1306 GHK<br><br>**ANSWER OF DEFENDANTS TMZ PRODUCTIONS, INC. AND TIME WARNER INC. TO COMPLAINT**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants TMZ Productions, Inc. and Time Warner Inc. ("Defendants") answer the Complaint of Plaintiff F. Marc Schaffel Productions, LLC ("Plaintiff"). If an averment is not specifically admitted, it is hereby denied.

1. Answering paragraph 1, Defendants deny each and every allegation contained therein.

2. Answering paragraph 2, Defendants deny each and every allegation contained therein.

3. Answering paragraph 3, Defendants admit that Plaintiff alleges that this action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, as well as under the common law right of conversion under the laws of the State of California, but deny that Plaintiff has adequately pled a conversion claim. Defendants also admit that Plaintiff alleges that this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction over Plaintiff's claims arising under California law pursuant to 28 U.S.C. § 1367.

4. Answering paragraph 4, Defendants admit that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a).

5. Answering paragraph 5, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis deny each and every such allegation.

6. Answering paragraph 6, Defendants admit that TMZ Productions, Inc. ("TMZ") is a California corporation which conducts business in the City of Los Angeles, State of California. Defendants further state that Plaintiff dismissed "TMZ.com" from this action on or about March 30, 2010. To the extent any further response to the allegations in paragraph 6 is required, Defendants deny each and every additional allegation contained therein.

7. Answering paragraph 7, Defendants admit the allegations contained therein.

8. Answering paragraph 8, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis deny each and every such allegation.

9. Answering paragraph 9, Defendants deny each and every allegation contained therein.

10. Answering paragraph 10, Defendants lack sufficient information to admit or deny the allegations contained in paragraph 10, and on that basis deny each and every such allegation.

11. Answering paragraph 11, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis deny each and every such allegation.

12. Answering paragraph 12, Defendants deny that TMZ broadcast portions of the Interview.  Defendants lack sufficient information to admit or deny the remaining allegations contained in paragraph 12, and on that basis deny each and every such allegation.

13. Answering paragraph 13, Defendants admit that Schaffel and Rowe demanded that the Interview be removed from further dissemination and that TMZ complied with that demand.  Except as expressly admitted herein, Defendants deny the allegations contained in paragraph 13.

14. Answering paragraph 14, Defendants deny each and every allegation contained therein.

15. Answering paragraph 15, Defendants lack sufficient information to admit or deny the allegations contained therein, and on that basis deny each and every such allegation.

## ANSWER TO FIRST CLAIM FOR RELIEF

### For Copyright Infringement [17 U.S.C. § 101 et seq.]

### (Against All Defendants)

16. Answering paragraph 16, Defendants incorporate their responses to paragraphs 1 through 15, inclusive.

17. Answering paragraph 17, Defendants deny each and every allegation contained therein.

18. Answering paragraph 18, Defendants deny each and every allegation contained therein.

19. Answering paragraph 19, Defendants deny each and every allegation contained therein.

20. Answering paragraph 20, Defendants deny each and every allegation contained therein.

21. Answering paragraph 21, Defendants deny each and every allegation contained therein.

22. Answering paragraph 22, Defendants deny each and every allegation contained therein.

## ANSWER TO SECOND CLAIM FOR RELIEF

### For Conversion

### (Against All Defendants)

23. Answering paragraph 23, Defendants incorporate their responses to paragraphs 1 through 22, inclusive.

24. Answering paragraph 24, Defendants deny each and every allegation contained therein.

25. Answering paragraph 25, Defendants deny each and every allegation contained therein.

26. Answering paragraph 26, Defendants deny each and every allegation contained therein.

27. Answering paragraph 27, Defendants deny each and every allegation contained therein.

28. Answering paragraph 28, Defendants deny each and every allegation contained therein.

## ANSWER TO PRAYER FOR RELIEF

Answering ¶¶ 1 to 9 of the prayer for relief, Defendants deny that Plaintiff is entitled to the relief sought in these paragraphs, and deny that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate and distinct affirmative defenses without conceding that they bear the burden of proof as to any of these issues. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Plaintiff's Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

2. Plaintiff's Complaint, and each cause of action alleged therein, fails because Plaintiff lacks standing to assert the purported claims set forth in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3. Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4. Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of waiver

### FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5. Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

6. Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

7. Plaintiff's Complaint, and each cause of action alleged therein, is barred by the First Amendment to the United States Constitution.

### EIGHTH AFFIRMATIVE DEFENSE
### (Copyright Preemption)

8. Plaintiffs' second cause of action is preempted by the Copyright Act, 17 U.S.C. § 101 *et seq.*

### NINTH AFFIRMATIVE DEFENSE
### (Invalidity)

9. Plaintiff's Complaint, and each cause of action alleged therein, is barred because Plaintiff's purported copyrights are invalid.

### TENTH AFFIRMATIVE DEFENSE
### (Fair Use)

10. Plaintiff's Complaint, and each cause of action alleged therein, is barred because Defendants' use of the subject material constitutes fair use.

**ELEVENTH AFFIRMATIVE DEFENSE**

(*De Minimis* Use)

11. Plaintiff's Complaint, and each cause of action alleged therein, is barred because Defendants' use of the subject material is *de minimis*.

**TWELFTH AFFIRMATIVE DEFENSE**

(**Unprotectable Elements**)

12. Plaintiff's Complaint, and each cause of action alleged therein, is barred because each of the elements that Plaintiff alleges were copied from its work are not protectable under the Copyright Act.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(**Punitive Damages Unconstitutional**)

13. Plaintiff's claim for punitive or exemplary damages violates the protections afforded by the due process clause of the United States and California Constitutions.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(**Comparative Fault**)

14. Assuming for the sake of argument that any loss, injury or damage occurred as Plaintiff alleges, which Defendants specifically deny, any such loss, injury, or damage was proximately caused and contributed to by the negligence or wrongful conduct of other persons. The proportionate degree of fault of such other persons and parties thus must be determined and apportioned so that any judgment entered against Defendants will be reduced by the degree of negligence or fault attributed to such other persons and parties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(**Justification and Privilege**)

15. Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of justification and privilege, in that all actions by Defendants were lawful and were fair and reasonable under the circumstances.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

16. Defendants reserve the right to assert additional affirmative defenses that may arise in the course of discovery or during any trial of this matter.

WHEREFORE, Defendants pray for relief as follows:

1. That the Complaint be dismissed, with prejudice and in its entirety;
2. That Plaintiff take nothing by reason of this Complaint and that judgment be entered against Plaintiff and in favor of Defendants;
3. That Defendants be awarded attorneys' fees and costs incurred in defending this action; and
4. That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED: May 7, 2010         Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW
ARWEN R. JOHNSON


By   /s/ Linda M. Burrow
       LINDA M. BURROW
Attorneys for TMZ PRODUCTIONS, INC. and
TIME WARNER INC., a Delaware corporation

**DEMAND FOR JURY TRIAL**

Defendants hereby demand trial by jury in this action.

DATED: May 7, 2010            Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW
ARWEN R. JOHNSON


By   /s/ Linda M. Burrow
        LINDA M. BURROW
Attorneys for TMZ PRODUCTIONS, INC. and TIME WARNER INC.