# EXHIBIT N

**Defendants Responses to Plaintiffs' First Set of Interrogatories
(Identifying Harvey Levin and Mike Walters as persons
having knowledge of pertinent facts)**

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  *burrow@caldwell-leslie.com*
TINA WONG, State Bar No. 250214
  *wong@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for TMZ PRODUCTIONS,
INC., TMZ.com, and TIME WARNER,
INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>          v.<br><br>TMZ PRODUCTIONS, INC., a California corporation; TMZ.com, a fictional entity of unknown form; TIME WARNER, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No. CV 10-1306 GHK<br><br>**DEFENDANTS TMZ PRODUCTIONS, INC. AND TIME WARNER, INC.'S RESPONSE TO FIRST SET OF INTERROGATORIES PROPOUNDED BY PLAINTIFF F. MARC SCHAFFEL PRODUCTIONS, LLC** |

PROPOUNDING PARTY:   Plaintiff F. MARC SCHAFFEL PRODUCTIONS, LLC

RESPONDING PARTY:   Defendants TMZ PRODUCTIONS, INC. AND TIME WARNER, INC.

SET NO.:   One

Exhibit N pg 1

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendants TMZ PRODUCTIONS, INC. ("TMZ") and TIME WARNER, INC. ("TWI") ("Responding Parties") hereby object and respond to the First Set of Interrogatories propounded by Plaintiff F. MARC SCHAFFEL PRODUCTIONS, LLC ("Plaintiff") as follows:

### GENERAL OBJECTIONS

1.      Responding Parties' discovery, internal investigation, and preparation for the trial of this matter are not completed as of the date of these Responses and are continuing.  Responding Parties anticipate that discovery, internal investigation, and preparation for trial will reveal additional information not presently known to them, but upon which they may rely.  These Responses to Plaintiff's First Set of Interrogatories ("Interrogatories") are based upon information currently known or believed to be true by Responding Parties.  Responding Parties reserve the right to modify or supplement their Responses upon completion of their discovery, internal investigation, and preparation for the trial of this matter, and to use at trial, or in any motion or deposition, any documents, facts, or supporting evidence of any sort later developed or discovered.

2.      Responding Parties object to these Interrogatories in their entirety to the extent they seek information from TWI.  Although TWI is the ultimate parent of TMZ, TWI had no direct role in the events alleged in the Complaint and has no information in its possession, custody or control separate from the information maintained by TMZ.  These Responses are therefore based solely on the information in TMZ's possession, custody and control, which constitutes the entirety of Responding Parties' knowledge.

3.      Responding Parties object to Plaintiff's First Set of Interrogatories to the extent that it seeks to impose obligations in addition to those imposed by the Federal Rules of Civil Procedure.

Exhibit N pg 2

1       4.    Responding Parties object to each Interrogatory to the extent that it

2 purports to seek information protected by the attorney-client privilege, the attorney

3 work product doctrine, the settlement privilege, the common interest privilege, or

4 seeks information from disclosure protected under federal and state law, including

5 but not limited to California Constitution, art. I, § 2(b) and California Evidence

6 Code § 1070, which protects journalists from forced disclosure of their sources and

7 other confidential and non-confidential unpublished information, collected as part of

8 their newsgathering activities. Responding Parties will not provide any privileged

9 and/or protected information. Any disclosure of such information would be

10 inadvertent and should not be deemed a waiver of any privilege or protection.

11       5.    Responding Parties object to each Interrogatory to the extent it seeks

12 information from persons, companies, or entities other than Responding Parties.

13 Responding Parties further object to the extent each Interrogatory seeks information

14 not within Responding Parties' custody, control, or possession or that is publicly or

15 equally available to Plaintiff.

16       6.    Responding Parties object to each Interrogatory to the extent it seeks

17 information that is properly the subject of expert testimony.

18       7.    Any responses to these Interrogatories provided by Responding Parties

19 are solely for the purpose of this litigation. Any attempt by Plaintiff or any other

20 person or entity to use or disseminate the Responses, the information contained in

21 the Responses, or the documents produced in this litigation beyond this litigation is

22 objected to as improper and will be subject to appropriate action.

23       8.    By these Responses, Responding Parties do not, and do not intend to:

24 (1) waive any objections as to the admissibility of evidence or the competency of,

25 relevancy of, materiality of, or privilege attaching to any information disclosed in

26 these responses; or (2) waive the right to object to other discovery requests or

27 undertakings involving or reflecting the subject matter requested herein. These

28 Responses do not constitute, nor should they be construed as, admissions with

CALDWELL
LESLIE &
PROCTOR

1  respect to the relevancy or admissibility of any evidence or document identified

2  herein or the truth or accuracy of any statement, characterization, or other

3  information contained in such document.  Responding Parties expressly do not

4  concede the relevance or materiality of any of these responses or the subject matter

5  to which they refer.

## RESPONSES TO INTERROGATORIES

7       Notwithstanding and without waiving any of their General Objections, which

8  are incorporated into each of their Responses as though set forth in full, Responding

9  Parties respond as follows:

10 **INTERROGATORY NO. 1**

11      Identify (by name; title; business and home addresses; and business, home

12 and cell telephone numbers) the persons or entities who provided Defendants TMZ

13 Productions, Inc. and Time Warner, Inc. (collectively "You") with cop(ies) of the

14 video interview of Debbie Rowe, of approximately "two-hours, forty minutes"

15 duration, as described in Jason Beckerman's July 20, 2009 e-mail to Howard E.

16 King.

17 **RESPONSE TO INTERROGATORY NO. 1**

18      Responding Parties incorporate their General Objections as if set forth fully

19 herein.  Responding Parties further object to this Interrogatory on the ground that it

20 seeks information that is protected from disclosure under federal and state law,

21 including but not limited to California Constitution, art. I, § 2(b) and California

22 Evidence Code § 1070, which protects journalists from forced disclosure of their

23 sources and other confidential and non-confidential unpublished information,

24 collected as part of their newsgathering activities.  Based on these objections

25 Responding Parties decline to provide the requested information.

26 **SPECIAL INTERROGATORY NO. 2**

27      Identify (by name; title; business and home addresses; and business, home

28 and cell telephone numbers) the persons or entities who provided Defendants TMZ

CALDWELL
LESLIE &
PROCTOR

-3-

DEFENDANTS TMZ PRODUCTIONS, INC. AND TIME WARNER, INC.'S RESPONSE TO FIRST SET OF
INTERROGATORIES PROPOUNDED BY PLAINTIFF F. MARC SCHAFFEL PRODUCTIONS, LLC

Exhibit N   pg 4

1  Productions, Inc. and Time Warner, Inc. (collectively "You") with cop(ies) of the
2  "Confidential Outtakes" described in the Complaint herein, consisting of "a total of
3  twenty-two seconds" duration, as described in Jason Beckerman's July 20, 2009 e-
4  mail to Howard E. King.

5  **RESPONSE TO SPECIAL INTERROGATORY NO. 2**

6        Responding Parties incorporate their General Objections as if set forth fully
7  herein. Responding Parties further object to this Interrogatory on the ground that it
8  seeks information that is protected from disclosure under federal and state law,
9  including but not limited to California Constitution, art. I, § 2(b) and California
10  Evidence Code § 1070, which protects journalists from forced disclosure of their
11  sources and other confidential and non-confidential unpublished information,
12  collected as part of their newsgathering activities. Based on these objections
13  Responding Parties decline to provide the requested information.

14  **SPECIAL INTERROGATORY NO. 3**

15        State how TMZ Productions, Inc. became aware of the existence of the
16  "Confidential Outtakes" described in the Complaint.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 3**

18        Responding Parties incorporate their General Objections as if set forth fully
19  herein. Responding Parties further object to this interrogatory to the extent it seeks
20  information or that is protected from disclosure by federal and state law, including
21  but not limited to California Constitution art. I § 2(b) and California Evidence Code
22  § 1070. Subject to and without waiving these objections Responding Parties
23  respond as follows:

24        One or more TMZ employees reviewed the DVD footage containing the
25  "confidential outtakes.".

26  **SPECIAL INTERROGATORY NO. 4**

27        Identify (by name; title; business and home addresses; and business, home
28  and cell telephone numbers) all persons who participated in the editing of the

CALDWELL
LESLIE &
PROCTOR

-4-

DEFENDANTS TMZ PRODUCTIONS, INC. AND TIME WARNER, INC.'S RESPONSE TO FIRST SET OF
INTERROGATORIES PROPOUNDED BY PLAINTIFF F. MARC SCHAFFEL PRODUCTIONS, LLC

Exhibit IV pg 5

1 Confidential Outtakes from the Debby Rowe Interview and/or posted them to the

2 TMZ.com website.

3 **RESPONSE TO SPECIAL INTERROGATORY NO. 4**

4      Responding Parties incorporate their General Objections as if set forth fully

5 herein.  Responding Parties further object to this Interrogatory as vague and

6 ambiguous in its use of the term "participated in."  Subject to and without waiving

7 these objections, Responding Parties respond as follows:

8      Certain employees and/or agents of Responding Parties, including but not

9 limited to Harvey Levin and Mike Walters, who may be contacted through counsel

10 for Responding Parties, Linda Burrow, Caldwell Leslie & Proctor, PC; 1000

11 Wilshire Blvd., Suite 600; Los Angeles, California 90017; (213) 629-9040.

12 **SPECIAL INTERROGATORY NO. 5**

13      Identify (by name; title; business and home addresses; and business, home

14 and cell telephone numbers) all persons who made the decision on behalf of TMZ

15 Productions, Inc. and Time Warner, Inc. to use the Confidential Outtakes on the

16 TMZ.com website.

17 **RESPONSE TO SPECIAL INTERROGATORY NO. 5**

18      Subject to and without waiving these objections, Responding Parties respond

19 as follows:  Harvey Levin, who may be contacted through counsel for Responding

20 Parties, Linda Burrow, Caldwell Leslie & Proctor, PC; 1000 Wilshire Blvd., Suite

21 600; Los Angeles, California 90017; (213) 629-9040.

22 **SPECIAL INTERROGATORY NO. 6**

23      Identify who presently has custody of the Debbie Rowe Interview copy from

24 which TMZ harvested the Confidential outtakes.

25 / / /

26 / / /

27 / / /

28

CALDWELL
LESLIE &
PROCTOR

DEFENDANTS TMZ PRODUCTIONS, INC. AND TIME WARNER, INC.'S RESPONSE TO FIRST SET OF
INTERROGATORIES PROPOUNDED BY PLAINTIFF F. MARC SCHAFFEL PRODUCTIONS, LLC

Exhibit N pg. 6

1   **RESPONSE TO SPECIAL INTERROGATORY NO. 6**

2        Responding Parties incorporate their General Objections as if set forth fully

3   herein.  Responding Parties further object to this Interrogatory as vague and

4   ambiguous in its use of the term "harvested."  Subject to and without waiving these

5   objections, Responding Parties respond as follows:

6        TMZ currently has a copy of the Debbie Rowe Interview in its possession,

7   custody and/or control.

8

9   DATED: August 12, 2010       CALDWELL LESLIE & PROCTOR, PC

10                                    LINDA M. BURROW

                                     TINA WONG

11

12

13                         By _____

14                              LINDA M. BURROW

15                         Attorneys for TMZ PRODUCTIONS, INC.,

                        TMZ.com, and TIME WARNER, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

DEFENDANTS TMZ PRODUCTIONS, INC. AND TIME WARNER, INC.'S RESPONSE TO FIRST SET OF
INTERROGATORIES PROPOUNDED BY PLAINTIFF F. MARC SCHAFFEL PRODUCTIONS, LLC

Exhibit N pg 7

1

**PROOF OF SERVICE**

2   STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         At the time of service, I was over 18 years of age and **not a party to this action.**  I am
employed in the County of Los Angeles, State of California.  My business address is 1000
4   Wilshire Boulevard, Suite 600, Los Angeles, California 90017-2463.

5         On August 12, 2010, I served true copies of the following document(s) described as
**DEFENDANT TMZ PRODUCTIONS, INC. AND TIME WARNER INC.'S RESPONSE TO**
6   **FIRST SET OF INTERROGATORIES PROOUNDED BY PLAINTIFF F. MARC**
**SCHAFFEL PRODUCTIONS, LLC.** on the interested parties in this action as follows:

7

Howard E. King                              Counsel for Plaintiff F. Marc Schaffel
8   Brian James Bird                            Productions, LLC
King Holmes Paterno and Berliner LLP
9   1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
10  Tel: (310) 282-8989
Fax: (310) 282-8903
11  king@khpblaw.com
bird@khpblaw.com
12

13

14  **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons
at the addresses listed in the Service List and placed the envelope for collection and mailing,
15  following our ordinary business practices.  I am readily familiar with Caldwell Leslie &
Proctor, PC's practice for collecting and processing correspondence for mailing.  On the same day
16  that the correspondence is placed for collection and mailing, it is deposited in the ordinary course
of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

17        I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct and that I am employed in the office of a member of the bar of this
18  Court at whose direction the service was made.

19        Executed on August 12, 2010, at Los Angeles, California.

20

21

22                                              Lauren Harper

23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

Exhibit N pg 8

# EXHIBIT O
## Defendants' Initial Disclosures
## (Identifying Harvey Levin and Mike Walters as persons having knowledge of pertinent facts)

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  burrow@caldwell-leslie.com
TINA WONG, State Bar No. 250214
  wong@caldwell-leslie.com
1000 Wilshire Boulevard, Suite 600
Los Angeles, California  90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for TMZ PRODUCTIONS,
INC., a California corporation; TMZ.com,
a fictional entity of unknown form; and
TIME WARNER, INC., a Delaware
corporation

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TMZ PRODUCTIONS, INC., a California corporation; TMZ.com, a fictional entity of unknown form; TIME WARNER, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 10-1306 GHK<br><br>**RULE 26(a) DISCLOSURES BY DEFENDANTS TMZ PRODUCTIONS, INC., TMZ.com, AND TIME WARNER, INC.** |

Exhibit ___ pg. ___

CALDWELL
LESLIE &
PROCTOR

1       Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants TMZ

2   Productions, Inc., TMZ.com, and Time Warner, Inc. (collectively "Defendants")

3   hereby make their initial disclosure of information regarding witnesses, documents,

4   damage computations and insurance

5   **I.      WITNESSES**

6       Defendants anticipate that the following individuals are likely to have

7   discoverable information that may be used to support Defendants' defenses:

8       (a)     Harvey Levin, who may be contacted through counsel for Defendants,

9   Linda Burrow, Caldwell Leslie & Proctor, PC; 1000 Wilshire Blvd., Suite 600; Los

10  Angeles, California 90017; (213) 629-9040.  Mr. Levin may have knowledge

11  regarding the story entitled, "Debbie Rowe -- Shoot Me Up!," which appeared on

12  the TMZ.com website.

13      (b)     Mike Walters, who may be contacted through counsel for Defendants,

14  Linda Burrow, Caldwell Leslie & Proctor, PC; 1000 Wilshire Blvd., Suite 600; Los

15  Angeles, California 90017; (213) 629-9040.  Mr. Walters may have knowledge

16  regarding the story entitled, "Debbie Rowe -- Shoot Me Up!," which appeared on

17  the TMZ.com website.

18      (c)     Howard Mann.  Mr. Mann may have knowledge regarding Plaintiff's

19  alleged rights in the interview of Debbie Rowe.

20      (d)     Debbie Rowe.  Ms. Rowe may have knowledge regarding the

21  production and distribution of, and agreements regarding, her interview.

22      (e)     F. Marc Schaffel.  Mr. Schaffel may have knowledge regarding

23  production and distribution of the interview, as well as Plaintiff's alleged rights in

24  the interview.

25

26

27

28

CALDWELL
LESLIE &
PROCTOR

Exhibit O pg. 2

-1-

## II.    DOCUMENTS AND THINGS

Defendants anticipate they may rely on the following categories of documents and tangible things in its possession, custody and/or control to support its defenses:

(a)    The TMZ.com story entitled, "Debbie Rowe -- Shoot Me Up!" dated July 19, 2009 and available at http://www.tmz.com/2009/07/20/debbie-row-shoot-me-up/.

(b)    Publicly-available documents from the docket of the case, *I Film, Inc. et al. v. MJJ Productions, Inc. et al.,* USDC Case No. CV 04-10234 RSWL (RCx).

Defendants will produce documents described in these disclosures at a mutually-convenient time and location.  To the extent that any documents contain confidential information, Defendants will produce such documents only after the entry of a stipulated protective order.

## III.    DAMAGE COMPUTATIONS

Defendants do not at this time seek damages in this action.  Defendants contend that Plaintiff is not entitled to any damages whatsoever.

## IV.    INSURANCE

Defendants do not, at this time, expect to rely on an insurance policy to satisfy all or part of a potential judgment.

///

///

///

Exhibit ⓞ pg. 3

CALDWELL
LESLIE &
PROCTOR

RULE 26(a) DISCLOSURES BY DEFENDANTS
TMZ PRODUCTIONS, INC., TMZ.com, AND TIME WARNER, INC.

## V.   RESERVATION OF RIGHTS

The witnesses, documents, damage computations and insurance described herein constitute all responsive information currently known by Defendants. and/or in its possession, custody or control.  Defendants reserve the right to supplement and correct this information as necessary pursuant to Federal Rule of Civil Procedure 26(e)(1).

DATED: July 12, 2010

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW
TINA WONG

By _____
LINDA M. BURROW
Attorneys for TMZ PRODUCTIONS, INC., a California corporation; TMZ.com, a fictional entity of unknown form; and TIME WARNER, INC., a Delaware corporation

Exhibit O pg. 4

CALDWELL
LESLIE &
PROCTOR

-3-

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1000 Wilshire Boulevard, Suite 600, Los Angeles, California 90017-2463.

On July 12, 2010, I served true copies of the following document(s) described as **RULE 26(a) DISCLOSURES BY DEFENDANTS TMZ PRODUCTIONS, INC., TMZ.com, AND TIME WARNER, INC.** on the interested parties in this action as follows:

| | |
|---|---|
| Howard E. King | Counsel for Plaintiff F. Marc Schaffel |
| Brian James Bird | Productions, LLC |
| King Holmes Paterno and Berliner LLP | |
| 1900 Avenue of the Stars, 25th Floor | |
| Los Angeles, CA 90067 | |
| Tel: (310) 282-8989 | |
| Fax: (310) 282-8903 | |
| king@khpblaw.com | |
| bird@khpblaw.com | |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Caldwell Leslie & Proctor, PC's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address popescu@caldwell-leslie.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 12, 2010, at Los Angeles, California.

Mirela Popescu

Exhibit C pg. 5

# EXHIBIT P

**Wikipedia report regarding Harvey Levin,
creator and Managing Director of   TMZ**

# Harvey Levin

From Wikipedia, the free encyclopedia

**Harvey Robert Levin** (born September 2, 1950) is an American television producer, lawyer, legal analyst and a celebrity reporter.

Levin received his B.A. in political science from the University of California, Santa Barbara, and his J.D. from the University of Chicago. He passed the bar exam in 1975 and taught at Whittier Law School (formerly known as Beverly Rubens School of Law), in Los Angeles, now located in Orange County, between approximately 1977 and 1996.

He later worked in various legal roles in the entertainment industry. For years, he was a legal reporter on KCBS-TV, in L.A., where he reported on the O.J. Simpson murder trial. In 1994, Levin almost caused murder charges against Simpson to be tossed out, when he presented a video on KCBS-TV that allegedly showed prosecutor Marcia Clark searching Simpson's home before a search warrant was issued. Within days, however, Levin was forced to retract the story and apologize on the air.

In 1993, Levin investigated the suffering of sick and crippled dairy cows destined for the slaughterhouse, using undercover footage provided by, "Farm Sanctuary."

In 1996, Levin moved to New York to work as a legal analyst for the 1997 revival of *The People's Court* (he appeared on the show during the 1980s and the first half of the 1990s as a legal consultant during Doug Llewelyn's years) and deactivated his California bar license. He

|  | **Harvey Levin** |
|---|---|
|  | Levin in April 2010 |
| **Born** | Harvey Robert Levin September 2, 1950 Los Angeles, California |
| **Occupation** | Lawyer, celebrity reporter |
| **Notable credit(s)** | Creator and managing editor of TMZ.com. Host of *TMZ on TV* Legal analyst on *The People's Court* |

became host of the series in 1998, as well as continuing to serve as its legal analyst. Levin served as creator and executive producer for *Celebrity Justice* from 2002-2005.

In 1997, Levin had a role in the movie *Volcano*, as a TV reporter.

Today, Levin is the creator and a managing editor at TMZ.com, a celebrity news and gossip site launched by AOL-Time Warner, in December 2005. He also executive produces and hosts *TMZ on TV*. He is a frequent guest of the L.A.-based *Kevin and Bean* radio show and CNN's *Larry King Live* and continues to interview individuals for their opinions about the cases before them on "The People's Court," with Judge Marilyn Milian.

Exhibit P pg. 1

Case 2:10-cv-01306-GHK-SS    Document 30-1    Filed 11/23/10    Page 18 of 116    Page ID
#:259

His younger brother also has appeared on TV shows, he currently is a teacher in one of the Cal State
Universities.

# References

- Howard Rosenberg, "Sweeps News: Someone Get Me a Broom" (http://articles.latimes.com/1993-05-12
  /entertainment/ca-34312_1_sweeps-news?pg=1) Los Angeles Times, May 12, 1993
- AOL And Telepictures Launch On-Demand Entertainment News Network On The Web: TMZ.com
  (http://media.aoltimewarner.com/media/newmedia/cb_press_view.cfm?release_num=55254492)
- http://www.mediaweek.com/mw/news/recent_display.jsp?vnu_content_id=1001656883 AOL-Time Warner
  Launches TMZ.com

# External links

- Harvey Levin (http://www.imdb.com/name/nm0505608/) at the Internet Movie Database
- CNN anchor Daryn Kagan's interview with Levin (http://edition.cnn.com/TRANSCRIPTS/0305/23
  /se.11.html) - May 23, 2003
- Harvey Levin (http://twitter.com/harveylevintmz) on Twitter
- Michael Cieply, "A Star Watcher Has Star Power" (http://www.nytimes.com/2008/10/26/business
  /media/26steal.html?scp=2&sq=TMZ.com&st=cse) , *New York Times*, October 25, 2008

Retrieved from "http://en.wikipedia.org/wiki/Harvey_Levin"
Categories: 1951 births | People from Los Angeles, California | American Jews | California lawyers |
American television producers | Infotainers | Living people | University of California, Santa Barbara alumni |
University of Chicago Law School alumni | Whittier College faculty

- This page was last modified on 5 October 2010 at 04:42.
- Text is available under the Creative Commons Attribution-ShareAlike License; additional terms may
  apply. See Terms of Use for details.
  Wikipedia® is a registered trademark of the Wikimedia Foundation, Inc., a non-profit organization.

Exhibit  pg 2

# EXHIBIT Q

**Yahoo/TMZ listing, identifying Mike Walters as a "Manager" of TMZ**

Hi, richard  Sign Out  Help          Preview Mail w/ Toolbar          Yahoo!    Mail

# YAHOO!® TV

| TV HOME | SHOWS | TMZ |

OVERVIEW    EPISODES    CAST    VIDEOS    PHOTOS    MESSAGE BOARDS    REVIEWS    WHEN IS IT ON?

Search All TV      [ TV SEARCH ]    **Trending Now:**  Smallvile  Supernanny  Medium  House  Circus  Criminal Minds

**Find out what to watch tonight!**
Get the Y! toolbar with the TV App     [ Download Now ]     YAHOO! TOOLBAR

AdChoices



**TMZ**
**Show Description, Cast & Crew**

Today at 12:30 pm
KTTV (ch 11)
[ RECORD TO TIVO ]

Based on the popular website, series will focus on celebrity and entertainment related news and gossip with an investigative news approach.

**2007 - present**
Network:

## Director

| Lee Brownstein | Director |
| Paul M Nichols | Director |

## Producer

| Charles Latibeaudiere | Supervising Producer |
| Neal Freundlich | Consulting Producer |
| Gillian Sheldon | Supervising Producer (TMZ) |
| Jim Paratore | Executive Producer |
| Harvey Levin | Executive Producer |
| Bryn Freedman | Co-Executive Producer |
| Charles Latibeaudiere | Co-Executive Producer |
| Evan Rosenbfum | Co-Executive Producer |
| Evan Rosenblum | Producer (Platform Integration) |
| Susan Favre | Producer |
| Marko Joelson | Producer |
| Angela Laughlin | Producer |
| Katie Daryl | Producer |
| Ben Mankiewicz | Producer |
| Teresa Strasser | Producer |
| John Johnson | Producer |
| Sean Borg | Producer |
| Andrew Epstein | Producer |
| Tim Fisher | Producer |
| Julie Gerstein | Producer |
| Daniel Goldblatt | Producer |
| Jim Goldenberg | Producer |
| Michael Hundgen | Producer |
| Will Lee | Producer |
| John Lopez | Producer |
| Antonio Martinez | Producer |
| Brian Particelli | Producer |
| Chris Reed | Producer |
| Matthew Cole Weiss | Producer |
| Dax Holt | Producer |
| Max Hodges | Producer |
| Evan Rosenblum | Producer (TMZ) |
| Neal Freundlich | Producer |
| Vania Stuelp | Producer |
| Garrison Courtney | Producer |
| John Brix | Producer |
| Peter Johansen | Producer |
| David Brown | Producer |

## Executive

Dana DeMars

### TV LISTINGS

Time Warner Cable - Wes ...  TV Listings Setup »

FRI Nov 5          Now    Primetime Tonight

| | 8:00pm | 8:30pm | 9:00pm |
|---|---|---|---|
| **1** VOD | Video on Demand | | |
| **2** KCBS | Medium TV14 (CC) | | CSI: NY TV14 (CC) |
| **3** DSC | Swamp Loggers Repeat TVPG (CC) | | Swamp Logger TVPG (CC) |
| **4** KNBC | School Pride TVPG (CC) | | Dateline NBC News (CC) |
| **5** KTLA | Smallvile TVPG (CC) | | Supernatural TV14 (CC) |
| **6** KCET | Washington Week With Gwen Ifill and | SoCal Connected News (CC) | Need to Know News (CC) |
| **7** KABC | Supernanny TVPG (CC) | | Primetime: Wr Do? (CC) |
| **8** ESPN | NBA Basketball (CC) | | |
| **9** KCAL | KCAL 9 News 8pm News (CC) | | KCAL 9 News News (CC) |

View Full TV Listings »

**TWEET YOUR TUNES**
Now you can share the music you're listening to on Twitter, Facebook, and more.

foxytunes     [ Get FoxyTunes ]

Exhibit Q pg. 1

Hilary Estey McLoughlin

Executive (Telepictures Productions)

## Production Management

Chad Weiser                                      Post-Production Supervisor
Todd Frangella                                   Line Producer

## Editor

Ivan E Roth                                      Editor
Kelly Berning                                    Editor
Eric Colley                                      Editor
Jason Lindsay                                    Editor
Vince Masciale                                   Editor
Brian McDaniel                                   Editor
Morgan Nichols                                   Editor
John Santos                                      Editor
Travis Rev Scott                                 Editor

## Camera, Film & Tape

Steve Urquilla                                   Camera

## Manager

Diana Dasrath                                    Manager
Alan Citron                                      Manager (TMZ)
Pamela Russo                                     Manager
Mike Walters                                     Manager

## Below The Line

Dennis Broad                                     Production
Alison Pinsler                                   Production

## Legal

Jen Heger                                        Legal Counsel

SPONSORED LINKS

DISH® - Official Site
Get HD Free For Life & Save $180 In Your First Year! Free HD DVR.
www.DISHNetwork.com

$74/Hr Job - 117 Openings
Can You Type Earn $74+/hr From Home. Seen On CNN & FOX News.
www.FinancialTimesNY.com

Mortgage Rates Hit 2.67%!
If you owe less than $729k you probably qualify for govt Refi Programs
www.SeeRefinanceRates.com

LG's TVs
The Ideal Centerpiece For Your Home Theater System, LG's Full HD TVs!
www.LG.com

### YAHOO! TV

TV Home
Shows
News
Photos
Videos
TV Listings

### ALSO ON YAHOO!

Full Episodes
Tonight's Picks
Primetime in No Time
Daytime in No Time
Blog

Entertainment
Kids
Buy Movie Tickets
Yahoo!
Finance
Lifestyles

Set my TiVo
My Yahoo!
Food
Movies
Check Stocks
Mail

Games
Music
Sports
Messenger
omg!

### THINGS TO DO

Buy Movie Tickets
Set My TiVo
Lose Weight
Listen to Music
Watch Videos
Share Photos

Copyright © 2010 Yahoo! Inc. All rights reserved. Copyright/IP Policy | Terms of Service | Help
NOTICE: We collect personal information on this site. To learn more about how we use your information, see our Privacy Policy | About Our Ads.

Tell us what you think about Yahoo! TV - Send us your feedback

Exhibit Q pg 2

# EXHIBIT R

**July 9, 2010 Notice of Deposition of TMZ per FRCP 30(b)(6)**

KING, HOLMES, PATERNO & BERLINER LLP
HOWARD E. KING, ESQ., CA STATE BAR NO. 077012
BRIAN J. BIRD, ESQ. CA STATE BAR NO. 081614
1900 AVENUE OF THE STARS, 25TH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
E-MAIL: BIRD@KHPBLAW.COM
TELEPHONE: (310) 282-8989
FACSIMILE: (310) 282-8903

Attorneys for Plaintiff
F. MARC SCHAFFEL PRODUCTIONS,
LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>TMZ PRODUCTIONS, INC., a California corporation; TMZ.com, a fictional entity of unknown form; TIME WARNER, INC. a Delaware Corporation; and DOES 1-20, inclusive,<br><br>Defendants. | CASE NO. CV10-01306 GHK (SSx)<br>Hon. George H. King<br><br>**NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. (per its PMK(s)); REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION**<br><br>Date:    August 19, 2010<br>Time:    10:00 a.m.<br>Place:<br>   King, Holmes, Paterno & Berliner, LLP<br>   1900 Avenue of the Stars, 25th Floor<br>   Los Angeles CA 90067-4506<br><br>Action Commenced: February 22, 2010 |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD HEREIN:**

   **PLEASE TAKE NOTICE** that pursuant to FRCP Rule 30(b)(6), Plaintiff F. MARC SCHAFFEL PRODUCTIONS, LLC will take the deposition of Defendant TMZ PRODUCTIONS, INC. ("TMZ"), per its Person(s) Most Knowledgeable ("PMK"), on **August 19, 2010**, at the law offices of King, Holmes, Paterno & Berliner, LLP, located at 1900 Avenue of the Stars, Los Angeles CA 90067.  The deposition will be taken before a certified shorthand reporter or other officer duly authorized to administer oaths, and will be recorded stenographically.

Exhibit B pg 1

3005.063/315092.1

**PLEASE TAKE FURTHER NOTICE** that the subject matter of the deposition will include the following topics on which TMZ is required to designate and produce the person(s) most qualified to testify on its behalf as to those matters:

### PMK TOPICS

1.      The source(s) from which TMZ obtained video content of the "Debbie Rowe Interview" and/or the "Confidential Outtakes." As used herein, the term "Debbie Rowe Interview" means and refers to the video interview of Debbie Rowe, consisting of "a two-hour and forty minute video" (as described by Jason Beckerman in his July 20, 2009 e-mail to Howard E. King). As used herein, the term "Confidential Outtakes" collectively means and refers to (a) the video excerpt of the Debbie Rowe Interview posted on or linked for access from the TMZ.com website in or about July, 2009 (or at any time) ( a copy of which excerpt known to Plaintiff has been produced to Defendants (in optical disk format) and marked with Document Control No. FMSP 01), and any other portion of or excerpts from the Debbie Rowe Interview which may have been posted to, or made accessible by a link posted on, Defendants' website (TMZ.com).

2.      What information or documentation led TMZ to represent that TMZ's source(s) of the Confidential Outtakes, and/or the Debbie Rowe Interview, was the Santa Barbara County Sheriff's office.

3.      How TMZ learned or determined that TMZ's source(s) of the Confidential Outtakes, and/or the Debbie Rowe Interview, purportedly was not he Santa Barbara County Sheriff's office.

4.      How TMZ learned or determined what or who was TMZ's actual source(s) of the Confidential Outtakes, and/or the Debbie Rowe Interview.

5.      The existence and identity of video copies or video files, in the possession custody or control of TMZ, at any time, which constitute any part of either the Confidential Outtakes or of the Debbie Rowe Interview.

6.      The text (hereinafter the "Accompanying Text") pertaining to Debbie

Exhibit B pg 2

1   Rowe and/or Michael Jackson posted on or about July, 2009, on the TMZ website

2   (TMZ.com) that accompanied the posted (or linked) video of the Confidential

3   Outtakes on/from the TMZ.com website in or about July, 2009, or thereafter. As

4   used herein, the term "Accompanying Text" shall also include any associated

5   headline, kicker, graphic (include video still frame), or audio introduction, drawing

6   attention to such written text or to the Confidential Outtakes.

7        7.       With respect to the TMZ.com website, for the period of July 1, 2009,

8   through July 31, 2009, the daily number of "hits", "clicks", or downloads, on or

9   from:

10            (a) the Confidential Outtakes; and/or

11            (b) the Accompanying Text (or the page(s) on which such

12   Accompanying Text appeared, if the number of "hits", "clicks" or downloads cannot

13   be determined solely for the Accompanying Text).

14       8.       The revenues which TMZ was entitled to receive, and did receive, from

15   the operation of its website (TMZ.com) during the period of July, 2009, and the

16   manner in which its revenue entitlements or calculations were made and/or were to

17   be made.

18       9.       The nature, existence, and identity of the documents from which TMZ

19   can calculate the revenues described in the preceding PMK Topic.

20       10.      The analysis and decision on behalf of TMZ (including the identities of

21   all persons who made such analysis or decision) regarding how much, and which

22   portions, of the copyrighted "Debbie Rowe Interview," or of the "Confidential

23   Outtakes," TMZ could use in its Show as "fair use" without subjecting it to liability

24   for copyright infringement.

25       11.      The identities of all persons who, on behalf of TMZ, participated in the

26   selection or editing from the Debbie Rowe Interview the portions or passages that

27   became the Confidential Outtakes to be exploited by TMZ.

28       12.      The identities of all persons who approved the Confidential Outtakes

Exhibit R pg. 3

1    (a) for inclusion and exploitation on the TMZ website, or

2    (b) for use and exploitation in any other context or media (including, without

3    limitation, by television broadcast).

4    13.    The analysis and decision on behalf of TMZ regarding how much of,

5 and/or which portions of, the copyrighted Debbie Rowe Interview, or of the

6 Confidential Outtakes, TMZ could exploit as "fair use" without subjecting it to

7 liability for copyright infringement.

8    14.    Any policies, whether written or merely verbal, followed or to be

9 followed by TMZ regarding "fair use" of copyrighted material (in which there is no

10 license, consent or release from the copyright owner) in connection with material

11 posted on the TMZ website or used in television programming by TMZ or Time

12 Warner, Inc.

13    15.    Any communications between TMZ (or its agents, employees, officers,

14 directors, independent contractors, representatives or attorneys) and the Santa

15 Barbara County Sheriff's office regarding the Confidential Outtakes, The Debbie

16 Rowe Interview,  Plaintiff's claims herein or Plaintiff's complaint to the Santa

17 Barbara County Sheriff's office that it had improperly released the Debbie Rowe

18 Interview or the Confidential Outtakes.

19    **PLEASE TAKE FURTHER NOTICE** that TMZ is also requested to bring

20 to said deposition the documents and things enumerated in Exhibit "A" attached

21 hereto.

Exhibit B pg. 4

# EXHIBIT "A"

## DEFINITIONS AND INSTRUCTIONS

**A.    Definitions**

1.    For purposes of these Requests, the terms "YOU" or "YOUR" shall refer collectively and severally to Defendants Fox News Network, LLC ("Fox") and News Corporation, and to each of their parent corporations, subsidiaries, affiliates, divisions, "d/b/a's," officers, directors, agents, attorneys, investigators, consultants, employees, representatives, and all other persons or entities acting or purporting to act on their behalf.

2.    As used herein, the term "Debbie Rowe Interview" means and refers to the video interview of, and other interactions with, Debbie Rowe, referred to by Defendants as the "Rowe Interview" in their Answers to the Complaint herein.

3.    As used herein, the term "ESI" shall mean and refer to electronically stored information, within the meaning of such term as used in FRCP Rule 26(b)(2)(B).

4.    As used herein, the term "DOCUMENTS" shall be defined as follows: every writing and record of every type or description, whether originals, copies, drafts, revisions, or supplements, and each non-identical copy thereof, in your possession, custody or control, including, but not limited to, letters, memoranda, written notes, interviews, meetings or conversations, telegrams, tape recordings, or transcripts thereof, desk calendars, diaries, videotapes, photographs, motion pictures, cables, reports, or any other means of communicating information in a tangible means of expression, including, but not limited to, all writings falling within the scope of the definition included in Federal Rule of Evidence 1001. "DOCUMENTS" shall specifically include, without limitation, ESI (as defined above), originals, duplicates or non-identical copies, drafts, working papers, routing slips, post-its, marginalia, and similar materials as well as machine readable data stored on cards, disks, magnetic tapes, or other storage media, including without

Exhibit B pg. 5

1  limitation e-mails and other digital files.

2      5.      As used herein, the term "Geraldo Jackson/ Rowe Segment" refers to

3  the segment of the Geraldo Report show first broadcast on July 5, 2009, pertaining

4  to Michael Jackson, his family and Debbie Rowe (including the "teaser" earlier in

5  the program episode regarding the segment pertaining to Michael Jackson, his

6  family and Debbie Rowe),  which is the subject of this litigation

7      6.      As used herein, the terms "July 5, 2009 Episode of The Geraldo

8  Report" or " July 5 Episode" refers to the show broadcast of that date by that name

9  that included the Geraldo Jackson/ Rowe Segment.

10     7.      As used herein, the term "Debbie Rowe Interview" refers to the

11 interview of and other interactions with Debbie Rowe, dated on or about Feb. 15,

12 2003, which Defendants refer to in their answers to the complaint herein as the

13 "Rowe Interview."

14     8.      For purposes of these Requests, the term "and" shall include "or" and

15 the term "or" shall include "and."

16     9.      For purposes of these Requests, the singular number shall be read and

17 applied as the plural, where applicable, and the plural number shall be read and

18 applied as the singular, as the circumstances may deem necessary.

19 **B.    Instructions**

20     10.     In answering these discovery requests, YOU are required to furnish all

21 DOCUMENTS that are known or reasonably available to YOU, in YOUR

22 possession, custody or control, including, without limitation, all DOCUMENTS in

23 the possession of YOUR agents, investigators and representatives, and not merely

24 such DOCUMENTS as are under YOUR immediate direction or control.

25     11.     If YOU cannot comply with any of the following Requests in full after

26 exercising due diligence to secure the documents, so state and produce to the extent

27 possible.  Specify YOUR inability to produce the remainder and state whatever

28 information or knowledge YOU may have regarding those unproduced documents

Exhibit B pg. 6

1    and all steps taken to secure the same.

2         12.    If YOU object in whole or in part to any of the following Requests,

3    please state in complete detail the basis for YOUR objection and all facts upon

4    which YOU rely to support YOUR objection.  In addition, YOU are requested to

5    identify all documents for which YOU are interposing any objection.

6         13.    Whenever a DOCUMENT is not produced in full, state with

7    particularity the reason it is not being produced in full, and describe, to the best of

8    YOUR knowledge, information and belief, and with as much particularity as

9    possible, those portions of the DOCUMENTS which were not produced.

10        14.    Whenever a claim of privilege is asserted to the production of any

11   DOCUMENT, with respect to each DOCUMENT, state the following information:

12             a.    The privilege claimed;

13             b.    A precise statement of the facts that form the basis of the

14                   privilege claim; and

15             c.    The following information as to each purported privileged

16                   DOCUMENT:

17                   (1)    its nature, *e.g.*, letter, memorandum, photograph, tape,

18                          etc.;

19                   (2)    the date it was prepared;

20                   (3)    the date it bears;

21                   (4)    the date it was sent;

22                   (5)    the date it was received;

23                   (6)    the identity of the person(s) receiving it;

24                   (7)    the identity of each person to whom it was sent;

25                   (8)    the identity of the person(s) preparing it;

26                   (9)    a statement as to whom each person represented or

27                          purported to represent;

28                   (10)   a statement of the subject matter of the DOCUMENT; and

Exhibit B pg. 7

1               (11)   a precise description of the place where the DOCUMENT

2                   is kept, including:

3                  (a)   the title or description of the file in which the

4                      DOCUMENT may be found; and

5                  (b)   the exact location of said file.

6       15.    These Requests are continuing so as to require prompt supplemental

7  responses if YOU obtain further information or DOCUMENTS with respect to the

8  same between the time YOUR initial responses are served and the time of trial, and

9  such information is to be made known (and DOCUMENTS to be produced) by

10  means of amended answers to these discovery requests promptly upon first being

11  discovered.

12       16.    Whenever YOU are unable to state a full response or fully produce

13  DOCUMENTS in response to these discovery requests based upon YOUR own

14  personal knowledge and what is in your possession, custody or control, YOU are

15  instructed to so state, and instead respond (and produce DOCUMENTS) to the

16  extent possible what YOU believe the correct response to be and the DOCUMENTS

17  upon which YOU base YOUR response, and identify those YOU believe to have the

18  remaining DOCUMENTS which you are not producing.

19                        **REQUESTS FOR PRODUCTION**

20  **REQUEST FOR PRODUCTION NO. 1:**

21       All documents that evidence, reflect or memorialize any communications

22  between Fox and Plaintiff regarding possible licensing for broadcast in 2009, after

23  the death of Michael Jackson, of any portion of the "Debbie Rowe Interview," i.e.,

24  the videotaped interview of and other interactions with Debbie Rowe, which is the

25  subject of United States Copyright Office Registration No. PA 1-637-100.

26  **REQUEST FOR PRODUCTION NO. 2:**

27       All documents that evidence, reflect or memorialize any communications

28  within Fox (and between Fox and any of its affiliates such as Fox Broadcasting,

Exhibit B pg. 8

1  LLC or News Corporation) regarding possible licensing for broadcast in 2009, after

2  the death of Michael Jackson, of any portion of the Debbie Rowe Interview

3  (regardless of whether such licensing was to be from Plaintiff or anyone else).

4  **REQUEST FOR PRODUCTION NO. 3:**

5      All documents that evidence, reflect or memorialize the decision by Fox to

6  forego licensing from Plaintiff for broadcast in 2009, after the death of Michael

7  Jackson, of any of the footage from the Debbie Rowe Interview.

8  **REQUEST FOR PRODUCTION NO. 4:**

9      All documents that evidence, reflect or memorialize the identities of any and

10  all persons on behalf of Fox who participated in making the analysis and decision

11  that Fox was at liberty to broadcast in the Geraldo Report episode broadcast on July

12  5, 2009 ("Geraldo Jackson/ Rowe Segment"), approximately three minutes of

13  footage from the Debbie Rowe Interview, without liability to Plaintiff for use of

14  such footage.

15  **REQUEST FOR PRODUCTION NO. 5:**

16      All documents that evidence, reflect or memorialize the process of producing

17  the Geraldo Jackson/Rowe Segment, including writing and editing

18  narration/commentary, assembling and editing video, audio and still photo material,

19  and obtaining necessary licenses and clearances.

20  **REQUEST FOR PRODUCTION NO. 6:**

21      All documents that evidence, reflect or memorialize the identities of any

22  persons who participated in the selection of video and audio editing of the Geraldo

23  Jackson/Rowe Segment, including selection and editing of footage from the Debbie

24  Rowe Interview to be used, and not used; and what voice-over, commentary, or

25  photographic or video content or material should be interspersed with or combined

26  with content from Debbie Rowe Interview in the broadcast of the Geraldo

27  Jackson/Rowe Segment.

28  / / /

Exhibit R pg. 9

**REQUEST FOR PRODUCTION NO. 7:**

All documents that evidence, reflect or memorialize the identities of any persons involved in the production of the July 5, 2009, Geraldo Report episode or the Geraldo Jackson/Rowe Segment.

**REQUEST FOR PRODUCTION NO. 8:**

All documents that evidence, reflect or memorialize any scripts, draft scripts, editing remarks or notations, prepared in connection with the writing, editing and production of the Geraldo Jackson/Rowe Segment.

**REQUEST FOR PRODUCTION NO. 9:**

All Outtakes which were shot, prepared, or considered for inclusion, but in the final version were not included in, the Geraldo Jackson/Rowe Segment.

**REQUEST FOR PRODUCTION NO. 10:**

All documents that evidence, reflect or memorialize any analysis by or for benefit of Fox regarding which passages or aspects of the Debbie Rowe Interview Fox was at liberty to use without liability for copyright infringement under the doctrine of "fair use."

**REQUEST FOR PRODUCTION NO. 11:**

All documents that evidence, reflect or memorialize any written or verbal policies or guidelines, dated January 1, 2001 or later,  prepared, promulgated, or to be followed, by Fox regarding what qualifies as permissible "fair use" of copyrighted or copyrightable material without liability to pay the owner of such material.

**REQUEST FOR PRODUCTION NO. 12:**

All documents that evidence, reflect or memorialize any communications within Fox, or between Fox and its affiliated entities (including, without limitation, News Corporation) regarding the Geraldo Jackson/Rowe Segment.

/ / /

/ / /

Exhibit B pg 10

**REQUEST FOR PRODUCTION NO. 13:**

All documents that evidence, reflect or memorialize any steps or actions Fox, or any of its affiliated entities (including, without limitation, News Corporation) took prior to broadcast of the Geraldo Jackson/Rowe Segment to ascertain what contractual rights, if any, Fox or its affiliated entities had exploit any portion of the Debbie Rowe Interview, in connection with the creation, production, or broadcast of the Geraldo Jackson/Rowe Segment.

**REQUEST FOR PRODUCTION NO. 14:**

All documents that evidence, reflect or memorialize any pre-broadcast promotion by Fox or by its affiliated entities (including, without limitation, News Corporation) of the Geraldo Jackson/Rowe Segment.

**REQUEST FOR PRODUCTION NO. 15:**

All documents that evidence, reflect or memorialize the terms of any licenses or releases for use of any material or other intellectual property or rights included or used in the Geraldo Jackson/Rowe Segment, or any promotion of the same by Fox or its affiliated entities.  This includes any licenses, clearances, or release agreements pertaining to any interview footage, video footage (with or without audio), still photographs, video "still frames," and audio recordings, aside from the Debbie Rowe Interview.

**REQUEST FOR PRODUCTION NO. 16:**

All documents that evidence, reflect or memorialize any agreements between Fox, or its related entities (including News Corporation), and anyone else, pertaining to any license or agreement in connection with Fox's 2003 registered work "The Michael Jackson Interview - The Footage You Were Never Meant to See", which Fox contends gave it some right to use any of the footage from the Debbie Rowe Interview in the Geraldo Jackson/Rowe Segment.

/ / /

/ / /

Exhibit B pg. 11

**REQUEST FOR PRODUCTION NO. 17:**

All documents that evidence, reflect or memorialize the revenues generated by Fox, and by its affiliated entities (including, without limitation, News Corporation) from the broadcast or other licensing of the July 5, 2009 episode of the Geraldo Report.

**REQUEST FOR PRODUCTION NO. 18:**

All documents that evidence, reflect or memorialize any expenses incurred by Fox, and by its affiliated entities (including, without limitation, News Corporation) in connection with the broadcast or other licensing of the July 5, 2009 episode of the Geraldo Report, which might serve to offset the revenue realized from the broadcast or licensing of that episode.

**REQUEST FOR PRODUCTION NO. 19:**

All documents that evidence, reflect or memorialize any efforts and activities by or on behalf of Fox News to market advertising time for the July 5, 2009, Geraldo Report episode.

**REQUEST FOR PRODUCTION NO. 20:**

All transcripts of the full Fox 2003 Special "The Michael Jackson Story – The Videotapes You Were Never Meant to See."

**REQUEST FOR PRODUCTION NO. 21:**

A DVD copy, with time coding, of the entire Fox 2003 Special "The Michael Jackson Story – The Videotapes You Were Never Meant to See."

**REQUEST FOR PRODUCTION NO. 22:**

The following documents for any lawsuit, filed on or after January 1, 2000, in which FOX was sued for alleged copyright infringement, (or Fox sued for declaratory relief over a threatened copyright claim, and Fox asserted a defense of fair use:

(a)     The complaint(s), including any amended pleading;

(b)     The answer to any complaint;

Exhibit R pg 12

1       (c)    Any Motions to Dismiss filed in the action;

2       (d)    Any Oppositions and Replies filed in connection with any such

3               Motions to Dismiss.

4   **REQUEST FOR PRODUCTION NO. 23:**

5       All documents that evidence, reflect or memorialize the facts upon which you

6   base your Second Affirmative Defense that "Plaintiff's claim is barred because

7   Plaintiff does not own a valid copyright to the Rowe Interview."

8   **REQUEST FOR PRODUCTION NO. 24:**

9       All documents that evidence, reflect or memorialize the facts upon which you

10  base your Third Affirmative Defense that "Plaintiff's claim is barred and this Court

11  lacks subject matter jurisdiction over this action, because Plaintiff does not have

12  standing to assert its claim."

13  **REQUEST FOR PRODUCTION NO. 25:**

14      All documents that evidence, reflect or memorialize the facts upon which you

15  base your Fourth Affirmative Defense that "Plaintiff's claim is barred, in whole or

16  in part, based upon the doctrine of fraud on the United States Copyright Office."

17  **REQUEST FOR PRODUCTION NO. 26:**

18      All documents that evidence, reflect or memorialize the facts upon which you

19  base your Fifth Affirmative Defense that "Plaintiff is equitably estopped from bring

20  the claims asserted in the Complaint based on its prior representations of non-

21  ownership of the Rowe Interview copyrights."

22  **REQUEST FOR PRODUCTION NO. 27:**

23      All documents that evidence, reflect or memorialize the facts upon which you

24  base your Sixth Affirmative Defense that "Plaintiff's claim is barred, in whole or in

25  part, because, to the extent Plaintiff ever had any cognizable authorship interest in

26  the Rowe Interview, it has waived that interest."

27  / / /

28  / / /

KING, HOLMES, PATERNO & BERLINER LLP

3005.063/315092.1

13

Exhibit R pg 13

**REQUEST FOR PRODUCTION NO. 28:**

All documents that evidence, reflect or memorialize the facts upon which you base your Seventh Affirmative Defense that "Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands."

**REQUEST FOR PRODUCTION NO. 29:**

All documents that evidence, reflect or memorialize the facts upon which you base your Eighth Affirmative Defense that "Plaintiff's claim, or recovery thereon, is barred, in whole or in part, because and/or to the extent that it failed to mitigate its alleged damages."

**REQUEST FOR PRODUCTION NO. 30:**

All documents that evidence, reflect or memorialize the facts upon which you base your Ninth Affirmative Defense that "Plaintiff's claim for copyright infringement is barred in whole or in part by the doctrine of fair use, pursuant to 17 U.S.C. § 107."

DATED:  July 9, 2010          KING, HOLMES, PATERNO & BERLINER, LLP

By: _____
                BRIAN J. BIRD
       ATTORNEYS FOR PLAINTIFF
       F. MARC SCHAFFEL PRODUCTIONS, LLC

Exhibit R pg. 14

## CERTIFICATE OF SERVICE

I certify that on July 27, 2010, I have mailed the foregoing NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. (per its PMK(s)); REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION by First Class Mail, postage prepaid, to the following case participants, at the following addresses:

Christopher G. Caldwell, Esq.
Linda M. Burrow, Esq.
Arwen R. Johnson, Esq.
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017-2463
Tel:   (213) 629-9040
Fax:   (213) 629-9022
Email: burrow@caldwell-leslie.com
Email: johnson@caldwell-leslie.com

*Attorneys for TMZ PRODUCTIONS, INC. and TELEPICTURES PRODUCTIONS*

MICHELE RENE FLOYD

Exhibit R pg 15

# EXHIBIT S

**August 12, 2010 Objections to July 9, 2010 Notice of Deposition of TMZ per FRCP 30(b)(6)**

3005.063 - DSC

COPY TO: HEK ✓ JHB ___
BJB ✓ DC ___ JSGE ___
KTH ___ SM ✓ PTP ___ SJP ___
SDR ___ NUS ___ DW ✓ RRP ✓

1 | CALDWELL LESLIE & PROCTOR, PC
   | LINDA M. BURROW, State Bar No. 194668
2 | *burrow@caldwell-leslie.com*
   | TINA WONG, State Bar No. 250214
3 | *wong@caldwell-leslie.com*
   | 1000 Wilshire Boulevard, Suite 600
4 | Los Angeles, California  90017-2463
   | Telephone: (213) 629-9040
5 | Facsimile: (213) 629-9022

6 | Attorneys for TMZ PRODUCTIONS,
   | INC., TMZ.com, and TIME WARNER,
7 | INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| F. MARC SCHAFFEL PRODUCTIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TMZ PRODUCTIONS, INC., a California corporation; TMZ.com, a fictional entity of unknown form; TIME WARNER, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV 10-1306 GHK<br><br>**DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION** |

Exhibit 5 pg. 1

CALDWELL
LESLIE &
PROCTOR

Defendant TMZ Productions, Inc. ("TMZ") hereby objects to Plaintiff F. Marc Schaffel Productions, LLC's Notice of Deposition of TMZ Productions, Inc. (the "Notice of Deposition") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and Plaintiff's Request for Production of Documents at Deposition as follows:

## GENERAL OBJECTIONS

1.     TMZ objects to Plaintiff's Notice of Deposition to the extent that it seeks to impose obligations in addition to those imposed by Rule 30(b)(6) of the Federal Rules of Civil Procedure.

2.     TMZ objects to Plaintiff's Notice of Deposition to the extent that it purports to seek information protected by the attorney-client privilege, the work product doctrine, the common interest privilege, the settlement privilege, or that seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities.  TMZ will not provide any privileged and/or protected information.  Any disclosure of such information would be inadvertent and should not be deemed a waiver of any privilege or protection.

3.     TMZ further objects to Plaintiff's Notice of Deposition to the extent that it includes categories of questioning that are overbroad, oppressive, and burdensome, and seek information not relevant to the subject matter involved in the pending action or reasonably calculated to lead to the discovery of admissible evidence in this action.

4.     TMZ objects to Plaintiff's Notice of Deposition to the extent that it includes categories of questioning that contain words and/or phrases that are not defined or are otherwise used in a manner that renders the questioning vague, ambiguous, overbroad and/or unintelligible.

Exhibit 5 pg 2

CALDWELL
LESLIE &
PROCTOR

-1-

1    5.    TMZ objects to all categories of questions on the basis that the

2    categories are overbroad and overly-inclusive, and TMZ's responses to those

3    categories would be unduly burdensome, especially in the context of a deposition

4    upon oral examination.

5    6.    TMZ objects to the Plaintiff's Notice of Deposition to the extent it

6    purports to require TMZ to produce a witness on August 19, 2010 at 10:00 am.

7    Pursuant to the agreement of counsel, the deposition or depositions of TMZ's

8    corporate designee or designees will take place on a date and at a time to be agreed-

9    upon by the parties.

10    Notwithstanding and without waiving any of its General Objections, which

11    are incorporated into each of TMZ's responses below, as though set forth in full,

12    TMZ responds as follows:

13

14    **SPECIFIC OBJECTIONS TO DESIGNATION**

15    **OF DEPOSITION TOPICS**

16    **TOPIC 1**

17    The source(s) from which TMZ obtained video content of the "Debbie Rowe

18    Interview" and/or the "Confidential Outtakes." As used herein, the term "Debbie

19    Rowe Interview" means and refers to the video interview of Debbie Rowe,

20    consisting of "a two-hour and forty minute video" (as described by Jason

21    Beckerman in his July 20, 2009 e-mail to Howard E. King). As used herein, the

22    term "Confidential Outtakes" collectively means and refers to (a) the video excerpt

23    of the Debbie Rowe Interview posted on or linked for access from the TMZ.com

24    website in or about July, 2009 (or at any time) (a copy of which excerpt known to

25    Plaintiff has been produced to Defendants (in optical disk format) and marked with

26    Document Control No. FMSP 01), and any other portion of or excerpts from the

27    Debbie Rowe Interview which may have been posted to, or made accessible by a

28    link posted on, Defendants' website (TMZ.com).    Exhibit 5 pg 3

**RESPONSE TO TOPIC 1**

TMZ incorporates by reference its General Objections as if set forth fully herein.  TMZ further objects to this Topic on the ground that it seeks information that is protected by the attorney-client, attorney work product doctrine and settlement privileges, and/or seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities.  TMZ will provide no such information.  Based on these objections, TMZ declines to produce a deponent to testify regarding this Topic.

**TOPIC 2**

What information or documentation led TMZ to represent that TMZ's source(s) of the Confidential Outtakes, and/or the Debbie Rowe Interview, was the Santa Barbara County Sheriff's office.

**RESPONSE TO TOPIC 2**

TMZ incorporates by reference its General Objections as if set forth fully herein.  TMZ further objects to this Topic on the ground that it seeks information that is protected by the attorney-client, attorney work product doctrine and settlement privileges, and/or seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities.  TMZ will provide no such information.  Based on these objections, TMZ declines to produce a deponent to testify regarding this Topic.


Exhibit S pg 4

CALDWELL
LESLIE &
PROCTOR

**TOPIC 3**

How TMZ learned or determined that TMZ's source(s) of the Confidential Outtakes, and/or the Debbie Rowe Interview, purportedly was not he [*sic*] Santa Barbara County Sheriff's office.

**RESPONSE TO TOPIC 3**

TMZ incorporates by reference its General Objections as if set forth fully herein.  TMZ further objects to this Topic on the ground that it seeks information that is protected by the attorney-client, attorney work product doctrine and settlement privileges, and/or seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities.  TMZ will provide no such information.  Based on these objections, TMZ declines to produce a deponent to testify regarding this Topic.

**TOPIC 4**

How TMZ learned or determined what or who was TMZ's actual source(s) of the Confidential Outtakes, and/or the Debbie Rowe Interview.

**RESPONSE TO TOPIC 4**

TMZ incorporates by reference its General Objections as if set forth fully herein.  TMZ further objects to this Topic on the ground that it seeks information that is protected by the attorney-client, attorney work product doctrine and settlement privileges, and/or seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities.  TMZ will provide no


Exhibit 5 pg. 5

CALDWELL
LESLIE &
PROCTOR

-4-

1   such information.  Based on these objections, TMZ declines to produce a deponent
2   to testify regarding this Topic.
3   **TOPIC 5**
4         The existence and identity of video copies or video files, in the possession
5   custody or control of TMZ, at any time, which constitute any part of either the
6   Confidential Outtakes or of the Debbie Rowe Interview.
7   **RESPONSE TO TOPIC 5**
8         TMZ incorporates by reference its General Objections as if set forth fully
9   herein.  TMZ further objects to this Topic as vague, ambiguous, overbroad and
10  unintelligible in its use of the phrase, "identity of video copies or video files."  TMZ
11  further objects to this Topic to the extent that it seeks information that is protected
12  by the attorney-client, attorney work product doctrine and settlement privileges
13  and/or seeks information protected from disclosure under federal and state law,
14  including but not limited to the California Constitution, art. I, § 2(b) and California
15  Evidence Code § 1070, which protects journalists from disclosure of sources and
16  other confidential and non-confidential unpublished information collected as part of
17  their newsgathering activities.  TMZ will provide no such information.  TMZ further
18  objects to this Topic as calling for documents in Plaintiff's possession, that are
19  publicly available and thus equally available to Plaintiff.  Subject to and without
20  waiving these objections, TMZ responds as follows:
21        TMZ will produce a witness to testify to which portion or portions of the
22  Confidential Outtakes and/or the Debbie Rowe Interview, if any, TMZ currently has
23  in its possession.
24  **TOPIC 6**
25        The text (hereinafter the "Accompanying Text") pertaining to Debbie Rowe
26  and/or Michael Jackson posted on or about July, 2009, on the TMZ website
27  (TMZ.com) that accompanied the posted (or linked) video of the Confidential
28  Outtakes on/from the TMZ.com website in or about July, 2009, or thereafter.  As

Exhibit 5 pg 62

CALDWELL
LESLIE &
PROCTOR

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1  used herein, the term "Accompanying Text" shall also include any associated

2  headline, kicker, graphic (include [*sic*] video still frame), or audio introduction,

3  drawing attention to such written text or to the Confidential Outtakes.

4  **RESPONSE TO TOPIC 6**

5      TMZ incorporates by reference its General Objections as if set forth fully

6  herein.  TMZ further objects to this Topic as vague and ambiguous in its use of the

7  term "Accompanying Text."  TMZ will interpret the term "Accompanying Text" to

8  mean the written text of the story entitled "Debbie Rowe -- Shoot Me Up!" dated

9  July 19, 2009 and available at http://www.tmz.com/2009/07/20/debbie-row-shoot-

10  me-up/.  TMZ further objects to this Topic as calling for documents in Plaintiff's

11  possession, that are publicly available and thus equally available to Plaintiff.  TMZ

12  further objects to Topic No. 6 on the ground that it seeks testimony regarding the

13  text of a document, which is the best evidence of its contents.  Based on these

14  objections, TMZ will not produce a deponent to testify regarding Topic No. 6.

15  **TOPIC 7**

16      With respect to the TMZ.com website, for the period of July 1, 2009, through

17  July 31, 2009, the daily number of "hits", "clicks", or downloads, on or from:

18          (a)      the Confidential Outtakes; and/or

19          (b)      the Accompanying Text (or the page(s) on which such

20  Accompanying Text Appeared, if the number of "hits", "clicks", or downloads

21  cannot be determined solely for the Accompany Text).

22  **RESPONSE TO TOPIC 7**

23      TMZ incorporates by its General Objections as if set forth fully herein.  TMZ

24  further objects to this Topic as vague and ambiguous in its use of the terms "hits,"

25  "clicks," and "downloads."  Subject to and without waiving these foregoing general

26  and specific objections, TMZ responds as follows:

27      Upon entry of a stipulated protective order regarding sensitive and

28  confidential information, TMZ will produce a deponent, to testify to information not

Exhibit  S pg. 7

CALDWELL
LESLIE &
PROCTOR

1  subject to any privilege or protection in its possession, custody or control regarding

2  this Topic.

3  **TOPIC 8**

4      The revenues which TMZ was entitled to receive, and did receive, from the

5  operation of its website (TMZ.com) during the period of July, 2009, and the manner

6  in which its revenue entitlements or calculations were made and/or were to be made.

7  **RESPONSE TO TOPIC 8**

8      TMZ incorporates by reference its General Objections as if set forth fully

9  herein.  TMZ further objects to this Topix on the ground that it seeks information

10  that is proprietary business information, trade secrets, or other confidential

11  information and seeks information that is properly the subject of expert testimony.

12  TMZ further objects to thisTopic on the ground that it is overbroad and seeks

13  information that is not relevant the claims and defenses in this case and not

14  reasonably calculated to lead to the discovery of admissible evidence to the extent it

15  seeks information relating to TMZ's revenue from advertisements other than those

16  directly accessible from the webpage at http://www.tmz.com/2009/07/20/debbie-

17  row-shoot-me-up.  Subject to and without waiving these objections, TMZ responds

18  as follows:

19      Upon entry of a stipulated protective order regarding sensitive and

20  confidential information, TMZ will produce a deponent to testify to TMZ's revenue,

21  between July 19, 2009 and July 31, 2009, from advertisements directly accessible

22  from the webpage at http://www.tmz.com/2009/07/20/debbie-row-shoot-me-up.

23  **TOPIC 9**

24      The nature, existence, and identity of the documents from which TMZ can

25  calculate the revenues described in the preceding PMK Topic.

26  **RESPONSE TO TOPIC 9**

27      TMZ incorporates by reference its General Objections as if set forth fully

28  herein.  TMZ further objects to Topic No. 9 on the grounds that the defined subject

1  matter seeks proprietary business information, trade secrets, or other confidential

2  information, fails to describe with reasonable particularity the matters on which

3  examination is requested and seeks information which is not relevant to the subject

4  matter of this action and is not reasonably calculated to lead to the discovery of

5  admissible evidence to the extent it seeks information relating to TMZ's revenue

6  from sources other than advertisements directly accessible from the webpage at

7  http://www.tmz.com/2009/07/20/debbie-row-shoot-me-up.  Subject to, and without

8  waiving these objections, TMZ responds as follows:

9       Upon the entry of a stipulated protective order, TMZ will produce a deponent

10  to testify regarding the documents from which the revenues that are the subject of

11  this Topic were derived.

12  **TOPIC 10**

13       The analysis and decision on behalf of TMZ (including the identities of all

14  persons who made such analysis or decision) regarding how much, and which

15  portions, of the copyrighted "Debbie Rowe Interview," or of the "Confidential

16  Outtakes," TMZ could use in its Show as "fair use" without subjecting it to liability

17  for copyright infringement.

18  **RESPONSE TO TOPIC 10**

19       TMZ incorporates by reference its General Objections as if set forth fully

20  herein.  TMZ further objects to this Topic to the extent that it seeks information that

21  is protected by the attorney-client privilege and/or the attorney work product

22  doctrine.  Based on these objections, TMZ declines to produce a deponent to testify

23  regarding this Topic.

24  **TOPIC 11**

25       The identities of all persons who, on behalf of TMZ, participated in the

26  selection or editing from the Debbie Rowe Interview the portions or passages that

27  became the Confidential Outtakes to be exploited by TMZ.

Exhibit 5 pg. 9

28

CALDWELL
LESLIE &
PROCTOR

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

**RESPONSE TO TOPIC 11**

TMZ incorporates by reference its General Objections as if set forth fully herein.  TMZ further objects to this Topic as vague and ambiguous in its use of the term "participated in."  Subject to and without waiving these objections, TMZ responds as follows:

TMZ will produce a deponent to testify to information not subject to any privilege or protection in TMZ's possession, custody or control on this Topic.

**TOPIC 12**

The identities of all persons who approved the Confidential Outtakes

(a)     for inclusion and exploitation on the TMZ website, or

(b)     for use and exploitation in any other context or media (including, without limitation, by television broadcast).

**RESPONSE TO TOPIC 12**

TMZ incorporates by reference its General Objections as if set forth fully herein.  TMZ further objects to this Topic as vague and ambiguous in its use of the terms "approved," "use," and exploitation."  TMZ further objects to this Topic on the ground that it assumes facts not in the record.  Subject to and without waiving these objections, TMZ responds as follows:

TMZ will produce a deponent to testify to information not subject to any privilege or protection in TMZ's possession, custody or control on this Topic.

**TOPIC 13**

The analysis and decision on behalf of TMZ regarding how much of, and/or which portions of, the copyrighted Debbie Rowe Interview, or of the Confidential Outtakes, TMZ could exploit as "fair use" without subjecting it to liability for copyright infringement.

**RESPONSE TO TOPIC 13**

TMZ incorporates by reference its General Objections as if set forth fully herein.  TMZ further objects to Topic No. 13 on the ground that it is duplicative of

Exhibit ⊆ pg. 10

CALDWELL
LESLIE &
PROCTOR

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1  Topic No. 10.  For the reasons set forth in its Response to Topic No. 10, TMZ will

2  not produce a deponent to testify regarding this Topic.

3  **TOPIC 14**

4          Any policies, whether written or merely verbal, followed or to be followed by

5  TMZ regarding "fair use" of copyrighted material (in which there is no license,

6  consent or release from the copyright owner) in connection with material posted on

7  the TMZ website or used in television programming by TMZ or Time Warner, Inc.

8  **RESPONSE TO TOPIC 14**

9          TMZ incorporates by reference its General Objections as if set forth fully

10  herein.  TMZ further objects to this Topic on the grounds that it matter seeks

11  information subject to the attorney client privilege, work product doctrine or other

12  applicable privileges and seeks information which is not relevant to the subject

13  matter of this action and is not reasonably calculated to lead to the discovery of

14  admissible evidence.  Based on these objections, TMZ will not produce a deponent

15  to testify regarding this Topic.

16  **TOPIC 15**

17          Any communications between TMZ (or its agents, employees, officers,

18  directors, independent contractors, representatives or attorneys) and the Santa

19  Barbara County Sheriff's office regarding the Confidential Outtakes, The Debbie

20  Rowe Interview, Plaintiff's claim herein or Plaintiff's complaint to the Santa

21  Barbara County Sheriff's office that it had improperly released the Debbie Rowe

22  Interview or the Confidential Outtakes.

23  **RESPONSE TO TOPIC 15**

24          TMZ incorporates by reference its General Objections as if set forth fully

25  herein.  TMZ further objects to this Topic to the extent that it seeks information that

26  is protected by the attorney-client or attorney work product doctrine.  Subject to and

27  without waiving these objections, TMZ responds as follows:

28

Exhibit S pg 11

CALDWELL
LESLIE &
PROCTOR

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1    TMZ will produce a deponent to testify to information not subject to any

2  privilege or protection in TMZ's possession, custody or control on this Topic.

3

## GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

6       1.    TMZ's discovery, internal investigation, and preparation for the trial of

7  this matter are not completed as of the date of these Responses and are continuing.

8  TMZ anticipates that discovery, internal investigation, and preparation for trial will

9  reveal additional information not presently known to them, but upon which they

10  may rely.  These Responses to Plaintiff's Requests for Production of Documents at

11  Deposition ("Requests") are based upon information currently known or believed to

12  be true by TMZ.  TMZ reserves the right to modify or supplement their Responses

13  upon completion of their discovery, internal investigation, and preparation for the

14  trial of this matter, and to use at trial, or in any motion or deposition, any

15  documents, facts, or supporting evidence of any sort later developed or discovered.

16       2.    TMZ objects to Plaintiff's Requests on the ground that they are

17  propounded to, and seek documents from, "Defendants Fox News Network, LLC

18  ('Fox') and News Corporation."  By agreement with Plaintiff, TMZ will not respond

19  to any Request attached to the Notice of Deposition as "Exhibit A," but will instead

20  supply Responses to Plaintiff's First Set of Requests for Production of Documents,

21  which were served on July 9, 2010.

22       3.    TMZ objects to Plaintiff's Requests on the ground that they were

23  served less than 30 days prior to the noticed date of deposition, and therefore in

24  violation of Rule 34 of the Federal Rules of Civil Procedure.

25       4.    TMZ objects to Plaintiff's Requests for Production of Documents at

26  Deposition to the extent that it seeks to impose obligations in addition to those

27  imposed by the Federal Rules of Civil Procedure.

28


Exhibit S pg 13

CALDWELL
LESLIE &
PROCTOR

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

5.      TMZ objects to each Request to the extent that it purports to seek information protected by the attorney-client privilege, the attorney work product doctrine, the common interest privilege, the settlement privilege, or that seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities.  TMZ will not provide any privileged and/or protected information.  Any disclosure of such information would be inadvertent and should not be deemed a waiver of any privilege or protection.

6.      TMZ objects to each Request to the extent that it seeks information that is or may be confidential or information otherwise protected by any right of privacy. Such information will be provided only upon entry of an appropriate protective order.

7.      TMZ objects to each Request to the extent that it seeks information from persons, companies, or entities other than TMZ.  TMZ further objects to the extent each Request seeks information not within TMZ's custody, control, or possession or that is equally available to Plaintiff.

8.      Any documents produced in response to these Requests will be produced as they are kept in the course of ordinary business.

9.      TMZ objects to each Request to the extent that it does not set forth the documents requested with reasonable particularity as required by the Federal Rules of Civil Procedure 34(b)(1)(A).

10.     TMZ objects generally to the Requests to the extent that they seek to have TMZ furnish information and identify documents that are a matter of the public record, and therefore, are equally available to Plaintiff as they are to TMZ.

11.     Any responses to these Requests provided by TMZ are solely for the purpose of this litigation.  Any attempt by Plaintiff or any other person or entity to

CALDWELL
LESLIE &
PROCTOR

-12-        Exhibit 5 pg 13

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1   use or disseminate the Responses, the information contained in the Responses, or the

2   documents produced in this litigation beyond this litigation is objected to as

3   improper and will be subject to appropriate action.

4         12.    By these Responses, TMZ does not, and does not intend to:  (1) waive

5   any objections as to the admissibility of evidence or the competency of, relevancy

6   of, materiality of, or privilege attaching to any information disclosed in these

7   responses; or (2) waive the right to object to other discovery requests or

8   undertakings involving or reflecting the subject matter requested herein.  These

9   Responses do not constitute, nor should they be construed as, admissions with

10  respect to the relevancy or admissibility of any evidence or document identified

11  herein or the truth or accuracy of any statement, characterization, or other

12  information contained in such document.  TMZ expressly does not concede the

13  relevance or materiality of any of these responses or the subject matter to which they

14  refer.

15

16      **SPECIFIC OBJECTIONS TO REQUESTS FOR PRODUCTION OF**

17      **DOCUMENTS AT DEPOSITION**

18      Notwithstanding and without waiving any of its General Objections, which

19  are incorporated into each of their Responses as though set forth in full, TMZ

20  responds as follows:

21  **REQUEST FOR PRODUCTION NO. 16**

22      All documents that evidence, reflect, or memorialize the identit(ies) of the

23  source(s) from which TMZ obtained video content, or transcript passages, of the

24  "Debbie Rowe Interview" and/or the "Confidential Outtakes."

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

26      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

27  further objects to this Request on the ground that it seeks information that is

28  protected by the attorney-client, attorney work product doctrine and settlement

CALDWELL
LESLIE &
PROCTOR

-13-

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1   privileges, and/or seeks information protected from disclosure under federal and

2   state law, including but not limited to the California Constitution, art. I, § 2(b) and

3   California Evidence Code § 1070, which protects journalists from disclosure of

4   sources and other confidential and non-confidential unpublished information

5   collected as part of their newsgathering activities.  TMZ will provide no such

6   information.  Based on these objections, TMZ declines to respond to this Request.

7   **REQUEST FOR PRODUCTION NO. 17**

8        All documents that evidence, reflect, or memorialize how TMZ learned or

9   determined that TMZ's source of the Confidential Outtakes, or the Debbie Rowe

10  Interview, purportedly was not The Santa Barbara County Sheriff's Office.

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

12       TMZ incorporates its General Objections as if set forth fully herein.  TMZ

13  further objects to this Request on the ground that it seeks information that is

14  protected by the attorney-client, attorney work product doctrine and, settlement

15  privileges, and/or seeks information protected from disclosure under federal and

16  state law, including but not limited to the California Constitution, art. I, § 2(b) and

17  California Evidence Code § 1070, which protects journalists from disclosure of

18  sources and other confidential and non-confidential unpublished information

19  collected as part of their newsgathering activities.  TMZ will provide no such

20  information.  Based on these objections, TMZ declines to respond to this Request.

21  **REQUEST FOR PRODUCTION NO. 18**

22       All documents that evidence, reflect, or memorialize how TMZ learned or

23  determined what or who was TMZ's actual source of the Confidential Outtakes, or

24  the Debbie Rowe Interview.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

26       TMZ incorporates its General Objections as if set forth fully herein.  TMZ

27  further objects to this Request on the ground that it seeks information that is

28  protected by the attorney-client, attorney work product doctrine, and settlement

CALDWELL
LESLIE &
PROCTOR

-14-

EXHIBIT ___ pg. ___

1  privileges, or seeks information protected from disclosure under federal and state

2  law, including but not limited to the California Constitution, art. I, § 2(b) and

3  California Evidence Code § 1070, which protects journalists from disclosure of

4  sources and other confidential and non-confidential unpublished information

5  collected as part of their newsgathering activities.  TMZ will provide no such

6  information.  Based on these objections, TMZ declines to respond to this Request.

7  **REQUEST FOR PRODUCTION NO. 19**

8       All documents that evidence, reflect, or memorialize the existence and

9  identity of video copies or video files, in the possession custody or control of TMZ,

10  at any time, which constitute any part of either the Confidential Outtakes or of the

11  Debbie Rowe Interview.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

13       TMZ incorporates its General Objections as if set forth fully herein.  TMZ

14  further objects to this Request as vague, ambiguous, overbroad and unintelligible in

15  its use of the phrase, "identity of video copies or video files."  TMZ further objects

16  to this Request to the extent that it seeks information that is protected by the

17  attorney-client, attorney work product doctrine and settlement privileges and/or

18  seeks information protected from disclosure under federal and state law, including

19  but not limited to the California Constitution, art. I, § 2(b) and California Evidence

20  Code § 1070, which protects journalists from disclosure of sources and other

21  confidential and non-confidential unpublished information collected as part of their

22  newsgathering activities.  TMZ will provide no such information.  TMZ further

23  objects to this Request as calling for documents in Plaintiff's possession, that are

24  publicly available and thus equally available to Plaintiff.  Subject to and without

25  waiving these objections, TMZ responds as follows:

26       TMZ will produce responsive documents not subject to any privilege or

27  protection, if any, in its possession, custody or control sufficient to memorialize the

28  existence of any DVD tape or other media containing the Debbie Rowe interview.

CALDWELL
LESLIE &
PROCTOR

-15-

Exhibit S  pg 16

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1 **REQUEST FOR PRODUCTION NO. 20**

2      All documents that evidence, reflect, or memorialize the Accompanying Text.

3 **RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

4      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

5 further objects to this Request as vague and ambiguous in its use of the term

6 "Accompanying Text."  TMZ will interpret the term "Accompanying Text" to mean

7 the written text of the story entitled "Debbie Rowe -- Shoot Me Up!" dated July 19,

8 2009 and available at http://www.tmz.com/2009/07/20/debbie-row-shoot-me-up/.

9 TMZ further objects to this Request as calling for documents in Plaintiff's

10 possession, that are publicly available and thus equally available to Plaintiff.

11 Subject to and without waiving these objections, TMZ responds as follows:

12      TMZ will produce a copy of the Accompanying Text.

13 **REQUEST FOR PRODUCTION NO. 21**

14      Pertaining to the period of July, 2009, for the TMZ.com website, all

15 documents that evidence, reflect, or memorialize the daily number of "hits", clicks",

16 or downloads, on or from:

17           (a) the Confidential Outtakes; and/or

18           (b) the Accompanying Text (or the page(s) on which such

19           Accompanying Text appeared, if the number of "hits", "clicks" or

20           downloads cannot be determined solely for the Accompanying Text).

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

22      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

23 further objects to this Request as vague and ambiguous in its use of the terms "hits,"

24 "clicks," and "downloads."  Subject to and without waiving these foregoing general

25 and specific objections, TMZ responds as follows:

26      Upon entry of a stipulated protective order regarding sensitive and

27 confidential information, TMZ will produce responsive documents not subject to

28 any privilege or protection, if any, in its possession, custody or control sufficient to

CALDWELL
LESLIE &
PROCTOR
-16-
Exhibit 5 pg 17
DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1   show the number of unique views of the story at

2   http://www.tmz.com/2009/07/20/debbie-row-shoot-me-up/, to the extent such

3   documents can be located pursuant to a commercially reasonable and diligent

4   search.

5   **REQUEST FOR PRODUCTION NO. 22**

6        All documents that evidence, reflect, or memorialize the revenues which

7   TMZ was entitled to receive, and did receive, from the operation of its website

8   (TMZ.com) during the period of July 1 through July 31, 2009, and the manner in

9   which its revenue entitlements or calculations were made and/or were to be made.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

11        TMZ incorporates its General Objections as if set forth fully herein.  TMZ

12   further objects to this Request on the ground that it seeks information that is

13   proprietary business information, trade secrets, or other confidential information and

14   seeks information that is properly the subject of expert testimony.  TMZ further

15   objects to this Request on the ground that it is overbroad and seeks information that

16   is not relevant the claims and defenses in this case and not reasonably calculated to

17   lead to the discovery of admissible evidence to the extent it seeks *all* documents

18   relating to TMZ's revenue from advertisements directly accessible from the

19   webpage at http://www.tmz.com/2009/07/20/debbie-row-shoot-me-up and to the

20   extent it seeks *any* documents relating to TMZ's revenue from any other source.

21   Subject to and without waiving these objections, TMZ responds as follows:

22        Upon entry of a stipulated protective order regarding sensitive and

23   confidential information, TMZ will produce responsive documents not subject to

24   any privilege or protection sufficient to identify TMZ's revenue, between July 19,

25   2009 and July 31, 2009, from advertisements directly accessible from the webpage

26   at http://www.tmz.com/2009/07/20/debbie-row-shoot-me-up, if any, in TMZ's

27   possession, custody or control to the extent such documents can be located pursuant

28   to a commercially reasonable and diligent search.                Exhibit S pg 18

CALDWELL
LESLIE &
PROCTOR

-17-

**REQUEST FOR PRODUCTION NO. 23**

All documents that evidence, reflect, or memorialize the nature, existence, and identity of the documents from which TMZ can calculate the revenues described in the preceding Document Request Category.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as vague, ambiguous, unintelligible, overbroad, and as seeking documents not relevant to the claims or defenses in this case and not reasonably calculated to lead to the discovery of admissible evidence. TMZ further objects to this Request to the extent that it seeks proprietary business information, trade secrets, or other confidential information, and seeks information that is properly the subject of expert testimony. Based upon the above objections, TMZ declines to respond to this Request.

**REQUEST FOR PRODUCTION NO. 24**

All documents that evidence, reflect, or memorialize the analysis and decision on behalf of TMZ (including the identities of all persons who made such analysis or decision) regarding how much, and which portions, of the copyrighted "Debbie Rowe Interview," or of the Confidential Outtakes," TMZ could use in its Show as "fair use" without subjecting it to liability for copyright infringement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege and/or the attorney work product doctrine. Based on these objections, TMZ declines to respond to this Request.

**REQUEST FOR PRODUCTION NO. 25**

All documents that evidence, reflect, or memorialize the identities of any persons who, on behalf of TMZ, participated in the selection or editing from the

Exhibit S pg 19

CALDWELL
LESLIE &
PROCTOR

-18-

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1  Debbie Rowe Interview the portions or passages that became the Confidential

2  Outtakes for exploited by TMZ.

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 25**

4        TMZ incorporates its General Objections as if set forth fully herein.  TMZ

5  further objects to this Request as vague and ambiguous in its use of the term

6  "participated in."  TMZ further objects this Request as overbroad, unduly

7  burdensome, and not reasonably calculated to lead to the discovery of admissible

8  evidence to the extent it seeks *all* documents "that evidence, reflect or memorialize"

9  the identities of certain persons.  Subject to and without waiving these objections,

10  TMZ responds as follows:

11        TMZ will produce responsive documents not subject to any privilege or

12  protection, if any, in its possession, custody or control sufficient to identify the

13  persons described in this Request.

14  **REQUEST FOR PRODUCTION NO. 26**

15        All documents that evidence, reflect, or memorialize the identities of any

16  persons who approved the Confidential Outtakes (a) for inclusion and exploitation

17  on the TMZ website, or (b) for use and exploitation in any other context or media

18  (including, without limitation, by television broadcast).

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26**

20        TMZ incorporates its General Objections as if set forth fully herein.  TMZ

21  further objects to this Request as vague and ambiguous in its use of the terms

22  "approved," "use," and exploitation."  TMZ further objects to this Request on the

23  ground that it assumes facts not in the record.  TMZ further objects to this Request

24  as overbroad, unduly burdensome, and not reasonably calculated to lead to the

25  discovery of admissible evidence to the extent it seeks *all* documents "that evidence,

26  reflect or memorialize" the identities of certain persons.  Subject to and without

27  waiving these objections, TMZ responds as follows:

Exhibit S pg 20

28

CALDWELL
LESLIE &
PROCTOR

-19-

1        TMZ will produce responsive documents not subject to any privilege or

2   protection, if any, in its possession, custody or control sufficient to identify the

3   persons described in this Request.

4   **REQUEST FOR PRODUCTION NO. 27**

5        All documents that evidence, reflect, or memorialize the analysis and decision

6   on behalf of TMZ regarding how much of, and/or which portions of, the copyrighted

7   Debbie Rowe Interview, or of the Confidential Outtakes, TMZ could exploit as "fair

8   use" without subjecting it to liability for copyright infringement.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

10       TMZ incorporates its General Objections as if set forth fully herein.  TMZ

11  further objects that this Request is duplicative of Request No. 9, and on that basis

12  refer Plaintiff to TMZ's Response to Request No. 9.

13  **REQUEST FOR PRODUCTION NO. 28**

14       All documents that evidence, reflect, or memorialize who TMZ told Plaintiff

15  (or its representatives) was the source of the Confidential Outtakes which TMZ

16  used, licensed, distributed or disseminated.

17  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

18       TMZ incorporates its General Objections as if set forth fully herein.  TMZ

19  further objects to this Request as overbroad and as seeking information not relevant

20  to the claims or defenses in this case and not reasonably calculated to lead to the

21  discovery of admissible evidence.  TMZ further objects to this Request as calling for

22  documents subject to the attorney-client, attorney work product and settlement

23  privileges.  Based on these objections, TMZ declines to respond to this Request.

24  **REQUEST FOR PRODUCTION NO. 29**

25       All documents that evidence, reflect, or memorialize how TMZ learned or

26  determined that TMZ's source of the Confidential Outtakes, or of the Debbie Rowe

27  Interview, purportedly was not The Santa Barbara County Sheriff's Office.

28       Exhibit S pg 21

CALDWELL
LESLIE &
PROCTOR

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as vague, ambiguous, unintelligible, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. TMZ further objects to this Request on the ground that it seeks information that is protected by the attorney-client, attorney work product and settlement privileges and/or seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities. Based on these objections, TMZ declines to respond to this Request.

**REQUEST FOR PRODUCTION NO. 30**

All documents that evidence, reflect, or memorialize how TMZ learned or determined what or who was TMZ's actual source of the Confidential Outtakes, or of the Debbie Rowe Interview.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as vague, ambiguous, unintelligible, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. TMZ further objects to this Request on the ground that it seeks information that is protected by the attorney-client, attorney work product and settlement privileges and/or seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities. Based on these objections, TMZ declines to respond to this Request.

Exhibit ⊑ pg 22

CALDWELL
LESLIE &
PROCTOR

-21-

**REQUEST FOR PRODUCTION NO. 31**

All documents that evidence, reflect, or memorialize any communications between TMZ (or its agents, employees, officers, directors, independent contractors, representatives or attorneys) and the Santa Barbara County Sheriff's office regarding the Confidential Outtakes, The Debbie Rowe Interview, Plaintiff's claims herein, or the 2009 claims made that the Santa Barbara Sheriff's office was responsible for leaking the Debbie Rowe Interview or the Confidential Outtakes to TMZ (based on what had been represented by TMZ to Plaintiff regarding the source of the Confidential Outtakes).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as vague, ambiguous, unintelligible, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence. TMZ further objects to this Request to the extent that it seeks information that is protected by the attorney-client, attorney work product and settlement privileges. Subject to and without waiving these objections, TMZ responds as follows:

TMZ does not have any responsive documents not subject to any privilege or protection in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 32**

All DOCUMENTS that evidence, reflect, or memorialize any fact upon which YOU base YOUR denial of the allegation in ¶ 2 of the COMPLAINT that "TMZ obtained and broadcast previously unpublished video outtakes of an interview with Rowe . . ."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request to the extent it mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations. TMZ further objects to this Request as vague and ambiguous in its use of the term "broadcast." TMZ further

CALDWELL LESLIE & PROCTOR

-22-

Exhibit ___ pg. 23

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1    objects to this Request as premature.  TMZ's investigation is not yet complete and is

2    continuing, and TMZ reserves the right to supplement this Response.  TMZ further

3    objects to this Request to the extent that it seeks information that is protected by the

4    attorney-client privilege or the attorney work product doctrine.  Subject to and

5    without waiving these objections, TMZ responds as follows:

6         TMZ will produce responsive documents not subject to any privilege or

7    protection, if any, in its possession, custody or control to the extent such documents

8    can be located pursuant to a commercially reasonable and diligent search.

9    **REQUEST FOR PRODUCTION NO. 33**

10        All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

11   YOU base YOUR denial of the allegation in ¶ 2 of the COMPLAINT that "The

12   outtakes were taken from Schaffel, the owner of same, without permission of either

13   Schaffel or Rowe."

14   **RESPONSE TO REQUEST FOR PRODUCTION NO. 33**

15        TMZ incorporates its General Objections as if set forth fully herein.  TMZ

16   further objects to this Request as vague and ambiguous to the extent it

17   mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations.

18   TMZ further objects to this Request as premature.  TMZ's investigation is not yet

19   complete and is continuing, and TMZ reserves the right to supplement this

20   Response.  TMZ further objects to this Request to the extent that it seeks

21   information that is protected by the attorney-client privilege or the attorney work

22   product doctrine and/or seeks information protected from disclosure under federal

23   and state law, including but not limited to the California Constitution, art. I, § 2(b)

24   and California Evidence Code § 1070, which protects journalists from disclosure of

25   sources and other confidential and non-confidential unpublished information

26   collected as part of their newsgathering activities.  Based on these objections, TMZ

27   declines to respond to this Request.

28                                                    Exhibit S pg 24

CALDWELL
LESLIE &
PROCTOR

-23-

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1  **REQUEST FOR PRODUCTION NO. 34**

2  All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

3  YOU base YOUR denial of the allegation in ¶ 2 of the COMPLAINT that "TMZ

4  falsely attributed the source of the video, first claiming on its website that it came

5  from a British network, GMTV . . ."

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

7  TMZ incorporates its General Objections as if set forth fully herein.  TMZ

8  further objects to this Request as vague, ambiguous and unintelligible to the extent it

9  mischaracterizes or takes out of context TMZ's response to Plaintiff's Complaint.

10  TMZ further objects to this Request as premature.  TMZ's investigation is not yet

11  complete and is continuing, and TMZ reserves the right to supplement this

12  Response.  TMZ further objects to this Request to the extent that it seeks

13  information that is protected by the attorney-client privilege, the attorney work

14  product doctrine and/or seeks information protected from disclosure under federal

15  and state law, including but not limited to the California Constitution, art. I, § 2(b)

16  and California Evidence Code § 1070, which protects journalists from disclosure of

17  sources and other confidential and non-confidential unpublished information

18  collected as part of their newsgathering activities.  Based on these objections, TMZ

19  declines to respond to this Request.

20  **REQUEST FOR PRODUCTION NO. 35**

21  All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

22  YOU base YOUR denial of the allegation in ¶ 2 of the COMPLAINT that " . . .then

23  claiming it came from the Santa Barbara Sheriff's Department as the fruit of a

24  search warrant executed on Schaffel in connection with Michael Jackson's child

25  molestation charges, . . ."

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

27  TMZ incorporates its General Objections as if set forth fully herein.  TMZ

28  further objects to this Request as vague, ambiguous and unintelligible to the extent it

CALDWELL
LESLIE &
PROCTOR

-24-

Exhibit ___ pg. ___

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1   mischaracterizes or takes out of context TMZ's response to Plaintiff's Complaint.

2   TMZ further objects to this Request as premature.  TMZ's investigation is not yet

3   complete and is continuing, and TMZ reserves the right to supplement this

4   Response.  TMZ further objects to this Request as seeking information that is

5   neither relevant to the claims and defenses in the case or reasonably calculated to

6   lead to the discovery of admissible evidence.  TMZ further objects to this Request to

7   the extent that it seeks information that is protected by the attorney-client privilege,

8   the attorney work product or the settlement privilege and/or seeks information

9   protected from disclosure under federal and state law, including but not limited to

10  the California Constitution, art. I, § 2(b) and California Evidence Code § 1070,

11  which protects journalists from disclosure of sources and other confidential and non-

12  confidential unpublished information collected as part of their newsgathering

13  activities.  Based on these objections, TMZ declines to respond to this Request.

14  **REQUEST FOR PRODUCTION NO. 36**

15      All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

16  YOU base YOUR denial of the allegation in ¶ 2 of the COMPLAINT that

17  ". . .finally claiming no obligation to reveal the true source of the stolen material."

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 36**

19      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

20  further objects to this Request as vague, ambiguous and unintelligible to the extent it

21  mischaracterizes or takes out of context TMZ's response to Plaintiff's Complaint.

22  TMZ further objects to this Request as premature.  TMZ's investigation is not yet

23  complete and is continuing, and TMZ reserves the right to supplement this

24  Response.  TMZ further objects to this Request as seeking information that is

25  neither relevant to the claims and defenses in the case nor reasonably calculated to

26  lead to the discovery of admissible evidence.  TMZ further objects to this Request to

27  the extent that it seeks information that is protected by the attorney-client privilege,

28  the attorney work product or the settlement privilege and/or seeks information

CALDWELL LESLIE & PROCTOR

-25-

Exhibit S pg 260

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1   protected from disclosure under federal and state law, including but not limited to

2   the California Constitution, art. I, § 2(b) and California Evidence Code § 1070,

3   which protects journalists from disclosure of sources and other confidential and non-

4   confidential unpublished information collected as part of their newsgathering

5   activities.  Based on these objections, TMZ declines to respond to this Request.

6   **REQUEST FOR PRODUCTION NO. 37**

7        All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

8   YOU base YOUR denial of the allegation in ¶ 10 of the COMPLAINT that

9   "Schaffel is the owner of a work entitled 'Debbie Rowe Interview Produced and

10  Directed by F. Marc Schaffel in Calabasas, California' ('Interview'), compiled and

11  produced by F. Marc Schaffel in 2003 and consisting of an interview of Rowe,

12  outtakes and other interactions with Rowe."

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

14       TMZ incorporates its General Objections as if set forth fully herein.   TMZ

15  further objects to this Request as vague, ambiguous and unintelligible to the extent it

16  mischaracterizes or takes out of context TMZ's response to Plaintiff's Complaint.

17  TMZ further objects to this Request as premature.  TMZ's investigation is not yet

18  complete and is continuing, and TMZ reserves the right to supplement this

19  Response.  TMZ further objects to this Request to the extent that it seeks

20  information from persons, companies, or entities other than TMZ, or otherwise not

21  within TMZ's custody, control, or possession and seeks information that is publicly

22  or equally available to Plaintiff.  Subject to and without waiving these objections,

23  TMZ responds as follows:

24       TMZ will produce responsive documents not subject to any privilege or

25  protection, if any, in its possession, custody or control to the extent such documents

26  can be located pursuant to a commercially reasonable and diligent search.

27

28

CALDWELL
LESLIE &
PROCTOR



Exhibit S pg 27

**REQUEST FOR PRODUCTION NO. 38**

All DOCUMENTS that evidence, reflect, or memorialize any fact upon which YOU base YOUR denial of the allegation in ¶ 10 of the COMPLAINT that "Portions of the Interview were broadcast around the world in 2003."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

TMZ incorporates its General Objections as if set forth fully herein.  TMZ further objects to this Request as vague, ambiguous and unintelligible to the extent it mischaracterizes or takes out of context TMZ's response to Plaintiff's Complaint. TMZ further objects to this Request as vague and ambiguous in its use of the term "broadcast."  TMZ further objects to this Request as premature.  TMZ's investigation is not yet complete and is continuing, and TMZ reserves the right to supplement this Response.  TMZ further objects to this Request to the extent that it seeks information from persons, companies, or entities other than TMZ, or otherwise not within TMZ's custody, control, or possession and seeks information that is publicly or equally available to Plaintiff.  Subject to and without waiving these objections, TMZ responds as follows:

TMZ will produce responsive documents not subject to any privilege or protection, if any, in its possession, custody or control to the extent such documents can be located pursuant to a commercially reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 39**

All DOCUMENTS that evidence, reflect, or memorialize any fact upon which YOU base YOUR denial of the allegation in ¶ 10 of the COMPLAINT that "Other portions of the Interview were private, confidential and were never meant to be publicly released without the joint consent of Schaffel and Rowe (the 'Confidential Outtakes')."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

TMZ incorporates its General Objections as if set forth fully herein.  TMZ further objects to this Request as vague, ambiguous and unintelligible to the extent it

CALDWELL
LESLIE &
PROCTOR

Exhibit S pg 28

1 | mischaracterizes or takes out of context TMZ's response to Plaintiff's Complaint.

2 | TMZ further objects to this Request as premature.  TMZ's investigation is not yet

3 | complete and is continuing, and TMZ reserves the right to supplement this

4 | Response.  TMZ further objects to this Request to the extent that it seeks

5 | information from persons, companies, or entities other than TMZ, or otherwise not

6 | within TMZ's custody, control, or possession and seeks information that is publicly

7 | or equally available to Plaintiff.

8 |     Subject to and without waiving these objections, TMZ responds as follows:

9 | TMZ will produce responsive documents not subject to any privilege or protection,

10 | if any, in its possession, custody or control to the extent such documents can be

11 | located pursuant to a commercially reasonable and diligent search.

12 | **REQUEST FOR PRODUCTION NO. 40**

13 |     All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

14 | YOU base YOUR denial of the allegation in ¶ 11 of the COMPLAINT that

15 | "Schaffel has never conveyed or released the Confidential Outtakes to anyone."

16 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

17 |     TMZ incorporates its General Objections as if set forth fully herein.  TMZ

18 | further objects to this Request as vague, ambiguous and unintelligible to the extent it

19 | mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations.

20 | TMZ further objects to this Request as premature.  TMZ's investigation is not yet

21 | complete and is continuing, and TMZ reserves the right to supplement this

22 | Response.  TMZ further objects to this Request to the extent that it seeks

23 | information from persons, companies, or entities other than TMZ, or otherwise not

24 | within TMZ's custody, control, or possession and seeks information that is publicly

25 | or equally available to Plaintiff.

26 |     Subject to and without waiving these objections, TMZ responds as follows:

27 | TMZ will produce responsive documents not subject to any privilege or protection,

28 |

CALDWELL
LESLIE &
PROCTOR


Exhibit 5 pg. 29

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1  if any, in its possession, custody or control to the extent such documents can be

2  located pursuant to a commercially reasonable and diligent search.

3  **REQUEST FOR PRODUCTION NO. 41**

4  All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

5  YOU base YOUR denial of the allegation in ¶ 13 of the COMPLAINT that

6  "Immediately upon airing of the Confidential Outtakes, Schaffel and Rowe

7  demanded that the Confidential Outtakes be removed from any further

8  dissemination and that TMZ's source for the Confidential Outtakes be provided."

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

10  TMZ incorporates its General Objections as set forth fully herein.   TMZ

11  further objects to this Request as vague, ambiguous and unintelligible to the extent it

12  mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations.

13  TMZ further objects to this Request on the ground that it admitted that that Schaffel

14  and Rowe had demanded that the Confidential Outtakes be removed from further

15  dissemination and that TMZ had complied with that demand.  Based on these

16  objections, TMZ declines to respond to this Request.

17  **REQUEST FOR PRODUCTION NO. 42**

18  All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

19  YOU base YOUR denial of the allegation in ¶ 13 of the COMPLAINT that "On

20  July 24, 2009, TMZ removed the Confidential Outtakes from further broadcast and

21  agreed to provide the source for the video."

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

23  TMZ incorporates its General Objections as if set forth fully herein.   TMZ

24  further objects to this Request as vague, ambiguous and unintelligible to the extent it

25  mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations.

26  TMZ further objects to this Request as vague and ambiguous in its use of the term

27  "broadcast." TMZ further objects to this request as unintelligible, as TMZ in fact

28  removed the Confidential Outtake from further dissemination.  TMZ further objects

CALDWELL
LESLIE &
PROCTOR

Exhibit 5 pg 36

-29-

1   to this Request as seeking information protected from disclosure under federal and

2   state law, including but not limited to the California Constitution, art. I, § 2(b) and

3   California Evidence Code § 1070, which protects journalists from disclosure of

4   sources and other confidential and non-confidential unpublished information

5   collected as part of their newsgathering activities.  TMZ will provide no such

6   information.  Subject to and without waiving these objections, TMZ responds as

7   follows:

8         TMZ will produce responsive documents not subject to any privilege or

9   protection, if any in its possession, custody and control that evidence the fact that

10  they did not agree to identify the source of the video to Plaintiff.

11  **REQUEST FOR PRODUCTION NO. 43**

12        All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

13  YOU base YOUR denial of the allegation in ¶ 13 of the COMPLAINT that "TMZ

14  then identified the source of the Confidential Outtakes as the County Sheriff."

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

16        TMZ incorporates its General Objections as if set forth fully herein.  TMZ

17  further objects to this Request as vague, ambiguous and unintelligible to the extent it

18  mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations.

19  TMZ further objects to this Request to the extent that it seeks information that is

20  protected by the attorney-client, attorney work product or settlement privileges

21  and/or seeks information protected from disclosure under federal and state law,

22  including but not limited to the California Constitution, art. I, § 2(b) and California

23  Evidence Code § 1070, which protects journalists from disclosure of sources and

24  other confidential and non-confidential unpublished information collected as part of

25  their newsgathering activities and seeks information that is equally available to

26  Plaintiff.  Based upon these objections, TMZ declines to respond to this Request.

27

28

Exhibit S pg 31

CALDWELL
LESLIE &
PROCTOR

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

**REQUEST FOR PRODUCTION NO. 44**

All DOCUMENTS that evidence, reflect, or memorialize any fact upon which YOU base YOUR denial of the allegation in ¶ 10 of the COMPLAINT that "After the County Sheriff vehemently denied being the source of the Confidential Outtakes for TMZ, on July 30, 2009, TMZ retracted its prior statement, and stated that the Confidential Outtakes had been obtained from another third party source which TMZ refused to identify.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as vague, ambiguous and unintelligible to the extent it mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations. TMZ further objects to this Request to the extent that it seeks information that is protected by the attorney-client, attorney work product or settlement privileges and/or seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities. TMZ will provide no such information. TMZ further objects to this Request on the ground that it seeks information that is equally available to Plaintiff. Based upon these objections, TMZ declines to respond to this Request.

**REQUEST FOR PRODUCTION NO. 45**

All DOCUMENTS that evidence, reflect, or memorialize any fact upon which YOU base YOUR denial of the allegation in ¶ 14 of the COMPLAINT that " . . .repeatedly lied about the source that had provided the Confidential Outtakes."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as vague, ambiguous and unintelligible to the extent it

Exhibit 5 pg. 32

CALDWELL
LESLIE &
PROCTOR

-31-

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1    mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations.

2    TMZ further objects to this Request to the extent that it seeks information that is

3    protected by the attorney-client, attorney work product or settlement privileges

4    and/or seeks information protected from disclosure under federal and state law,

5    including but not limited to the California Constitution, art. I, § 2(b) and California

6    Evidence Code § 1070, which protects journalists from disclosure of sources and

7    other confidential and non-confidential unpublished information collected as part of

8    their newsgathering activities.  Based upon these objections, TMZ declines to

9    respond to this Request.

10   **REQUEST FOR PRODUCTION NO. 46**

11       All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

12   YOU base YOUR denial of the allegation in ¶ 18 of the COMPLAINT that

13   " . . .Defendants, and each of them, have commercially used, exploited, attempted to

14   license or sell and disseminated the copyrighted Interview."

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

16       TMZ incorporates its General Objections as if set forth fully herein.   TMZ

17   further objects to this Request as vague, ambiguous and unintelligible to the extent it

18   mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations.

19   TMZ further objects to this Request to the extent that it seeks information that is

20   protected by the attorney-client privilege and/or the attorney work product doctrine.

21   Subject to and without waiving these objections, TMZ responds as follows:

22       TMZ will produce responsive documents not subject to any privilege or

23   protection, if any, in its possession, custody or control to the extent such documents

24   can be located pursuant to a commercially reasonable and diligent search.

25   **REQUEST FOR PRODUCTION NO. 47**

26       All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

27   YOU base YOUR denial of the allegation in ¶ 19 of the COMPLAINT that

28



CALDWELL
LESLIE &
PROCTOR

-32-
DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1  "Defendants' commercial use, exploitation, attempts to license or sell and

2  dissemination of the copyrighted materials is unauthorized."

3  **RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

4       TMZ incorporates its General Objections as if set forth fully herein.   TMZ

5  further objects to this Request  as vague, ambiguous and unintelligible to the extent

6  it mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations.

7  TMZ further objects to this Request as premature.   TMZ's investigation is not yet

8  complete and is continuing, and TMZ reserves the right to supplement this

9  Response.  TMZ further objects to this Request to the extent that it seeks

10  information that is protected by the attorney-client privilege or the attorney work

11  product doctrine and/or seeks information protected from disclosure under federal

12  and state law, including but not limited to the California Constitution, art. I, § 2(b)

13  and California Evidence Code § 1070, which protects journalists from disclosure of

14  sources and other confidential and non-confidential unpublished information

15  collected as part of their newsgathering activities.  TMZ will provide no such

16  information.  Subject to and without waiving these objections, TMZ responds as

17  follows:

18       TMZ will produce responsive documents not subject to any privilege or

19  protection, if any, in its possession, custody or control to the extent such documents

20  can be located pursuant to a commercially reasonable and diligent search.

21  **REQUEST FOR PRODUCTION NO. 48**

22       All DOCUMENTS that evidence, reflect, or memorialize any fact upon which

23  YOU base YOUR denial of the allegation in ¶ 19 of the COMPLAINT that

24  "Defendants' unauthorized commercial use, exploitation, licensing, attempts to

25  license or sell and dissemination of the Interview constitutes an infringement of

26  Schaffel's rights, including of the Copyrights and of the copyright laws."

27                      Exhibit S pg 34

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

TMZ incorporates its General Objections as if set forth fully herein.   TMZ further objects to this Request as vague, ambiguous and unintelligible to the extent it mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations. TMZ further objects to this Request as premature.   TMZ's investigation is not yet complete and is continuing, and TMZ reserves the right to supplement this Response.   TMZ further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or the attorney work product doctrine and/or seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities.   TMZ will provide no such information.   Subject to and without waiving these objections, TMZ responds as follows:

TMZ will produce responsive documents not subject to any privilege or protection, if any, in its possession, custody or control to the extent such documents can be located pursuant to a commercially reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 49**

·All DOCUMENTS that evidence, reflect, or memorialize any fact upon which YOU base YOUR denial of the allegation in ¶ 21 of the COMPLAINT that "Defendants had prior knowledge of Schaffel's rights . . ."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

TMZ incorporates its General Objections as if set forth fully herein.   TMZ further objects to this Request as vague, ambiguous and unintelligible to the extent it mischaracterizes or takes out of context TMZ's response to Plaintiff's allegations. TMZ further objects to this Request on the ground that is assumes facts not in the record.   TMZ further objects to this Request to the extent that it seeks information

Exhibit S  pg 3 5

1   that is protected by the attorney-client privilege or the attorney work product

2   doctrine and/or seeks information protected from disclosure under federal and state

3   law, including but not limited to the California Constitution, art. I, § 2(b) and

4   California Evidence Code § 1070, which protects journalists from disclosure of

5   sources and other confidential and non-confidential unpublished information

6   collected as part of their newsgathering activities.  TMZ will provide no such

7   information.  Subject to and without waiving these objections, TMZ responds as

8   follows:

9        TMZ will produce responsive documents not subject to any privilege or

10  protection, if any, in its possession, custody or control to the extent such documents

11  can be located pursuant to a commercially reasonable and diligent search.

12  **REQUEST FOR PRODUCTION NO. 50**

13       All DOCUMENTS that evidence, reflect, or memorialize the source from

14  which you Obtained the Interview.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

16       TMZ incorporates its General Objections as if set forth fully herein.  TMZ

17  further objects to this Request on the ground that it seeks information that is

18  protected by the attorney-client privilege or the attorney work product doctrine

19  and/or seeks information protected from disclosure under federal and state law,

20  including but not limited to the California Constitution, art. I, § 2(b) and California

21  Evidence Code § 1070, which protects journalists from disclosure of sources and

22  other confidential and non-confidential unpublished information collected as part of

23  their newsgathering activities.  TMZ will provide no such information.  Based on

24  these objections, TMZ declines to respond to this Request.

25  **REQUEST FOR PRODUCTION NO. 51**

26       All DOCUMENTS that evidence, reflect, or memorialize the source from

27  which YOU, or anyone acting on YOUR behalf, obtained the Interview.

28

Exhibit S pg 36 

CALDWELL
LESLIE &
PROCTOR

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

2      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

3  further objects to this Request on the ground that it seeks information that is

4  protected by the attorney-client privilege or the attorney work product doctrine

5  and/or seeks information protected from disclosure under federal and state law,

6  including but not limited to the California Constitution, art. I, § 2(b) and California

7  Evidence Code § 1070, which protects journalists from disclosure of sources and

8  other confidential and non-confidential unpublished information collected as part of

9  their newsgathering activities.  TMZ will provide no such information.  Based on

10  these objections, TMZ declines to respond to this Request.

11  **REQUEST FOR PRODUCTION NO. 52**

12      All DOCUMENTS that evidence, reflect, or memorialize the process by

13  which YOU, or anyone acting on YOUR behalf, reviewed the Interview.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

15      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

16  further objects to this Request as vague and ambiguous in its use of the terms

17  "process" and "reviewed."  TMZ further objects to this Request as vague as to time.

18  TMZ construe this Request to seek documents relating to TMZ's review of the

19  interview during the creation of the story entitled "Debbie Rowe—Shoot Me Up."

20  TMZ further objects to this Request to the extent that it seeks information that is

21  protected by the attorney-client privilege or the attorney work product doctrine.

22  Subject to and without waiving these objections, TMZ responds as follows:

23      TMZ will produce responsive documents not subject to any privilege or

24  protection, if any, in its possession, custody or control to the extent such documents

25  can be located pursuant to a commercially reasonable and diligent search.

26  **REQUEST FOR PRODUCTION NO. 53**

27      All DOCUMENTS that evidence, reflect, or memorialize the process by

28  which YOU, or anyone acting on YOUR behalf, edited the Interview.  Exhibit 5 pg 37

CALDWELL LESLIE & PROCTOR

-36-

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

2      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

3  further objects to this Request as vague and ambiguous in its use of the terms

4  "process" and "edited."  TMZ further objects to this Request as vague as to time.

5  TMZ construe this Request to seek documents relating to TMZ review of the

6  interview during the creation of the story entitled "Debbie Rowe—Shoot Me Up."

7  TMZ further objects to this Request to the extent that it seeks information that is

8  protected by the attorney-client privilege or the attorney work product doctrine.

9  Subject to and without waiving these objections, TMZ responds as follows:

10      TMZ will produce responsive documents not subject to any privilege or

11  protection, if any, in its possession, custody or control to the extent such documents

12  can be located pursuant to a commercially reasonable and diligent search.

13  **REQUEST FOR PRODUCTION NO. 54**

14      All DOCUMENTS that evidence, reflect, or memorialize the process by

15  which YOU, or anyone acting on YOUR behalf, wrote, created, edited, finalized, or

16  approved for broadcast or distribution the Interview, or the story that accompanied

17  the Interview.

18  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

19      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

20  further objects to this Request as vague and ambiguous in its use of the terms

21  "process", "created", "edited", or "finalized."   TMZ further objects to this Request

22  as vague as to time.  TMZ construe this Request to seek documents relating to TMZ

23  review of the interview during the creation of the story that was posted on the

24  TMZ.com website.  TMZ further objects to this Request to the extent that it seeks

25  information that is protected by the attorney-client privilege or the attorney work

26  product doctrine.  Subject to and without waiving these objections, TMZ responds

27  as follows:

Exhibit S pg 38

28

CALDWELL
LESLIE &
PROCTOR

1    TMZ will produce responsive documents not subject to any privilege or

2 protection, if any, in its possession, custody or control to the extent such documents

3 can be located pursuant to a commercially reasonable and diligent search.

4 **REQUEST FOR PRODUCTION NO. 55**

5    All DOCUMENTS that evidence, reflect, or memorialize the broadcast by

6 TMZ or Time Warner, or by others under license from or consent of TMZ or Time

7 Warner, of the Interview or the story that accompanied the Interview.

8 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

9    TMZ incorporates its General Objections as if set forth fully herein. TMZ

10 further objects to this Request as vague and ambiguous in its use of the term

11 "broadcast." TMZ construe this Request to seek documents evidencing, reflecting,

12 or memorializing the exhibition of the story entitled "Debbie Rowe—Shoot Me Up"

13 on the TMZ.com website. TMZ further objects to this Request as unintelligible, and

14 as assuming facts not in the record. Subject to and without waiving these

15 objections, TMZ responds as follows:

16    TMZ will produce a copy of the story entitled "Debbie Rowe – Shoot Me Up"

17 as it appeared on the TMZ.com website.

18 **REQUEST FOR PRODUCTION NO. 56**

19    All DOCUMENTS that evidence, reflect, or memorialize the revenue

20 received by TMZ or Time Warner from the broadcast, distribution or dissemination

21 by TMZ or Time Warner, or by others under license from or with the consent of

22 TMZ or Time Warner, of the Interview or the story that accompanied the Interview.

23 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

24    TMZ incorporates its General Objections as if set forth fully herein. TMZ

25 further objects to this Request as overbroad, and as vague and ambiguous in its use

26 of the terms "broadcast," "distribution" and "dissemination." TMZ construe this

27 Request to seek documents evidencing, reflecting, or memorializing the exhibition

28 of the story entitled "Debbie Rowe—Shoot Me Up" on the TMZ.com website.

CALDWELL
LESLIE &
PROCTOR
-38-
Exhibit 5 pg 39
DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1  TMZ further objects that this Request assumes facts not in the record.  TMZ further

2  objects to this Request to the extent that it seeks proprietary business information,

3  trade secrets, or other confidential information.  TMZ further objects to this Request

4  as duplicative of request No. 7.  Subject to and without waiving these objections,

5  TMZ responds as follows:

6      *See* TMZ's response to Request No. 7.

7  **REQUEST FOR PRODUCTION NO. 57**

8      All DOCUMENTS that evidence, reflect, or memorialize any correspondence

9  regarding the Confidential Outtakes, the licensing of the Confidential Outtakes, or

10  the broadcast, distribution, or dissemination of the Confidential Outtakes."

11  **RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

12      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

13  further objects to this Request as overbroad, and as vague and ambiguous in its use

14  of the terms "broadcast," "distribution" and "dissemination."  TMZ construe this

15  Request to seek documents evidencing, reflecting, or memorializing the exhibition

16  of the story entitled "Debbie Rowe—Shoot Me Up" on the TMZ.com website.

17  TMZ further objects that this Request assumes facts not in the record.  TMZ further

18  objects to this Request to the extent that it seeks information that is protected by the

19  attorney-client privilege or the attorney work product doctrine the privilege and/or

20  seeks information protected from disclosure under federal and state law, including

21  but not limited to the California Constitution, art. I, § 2(b) and California Evidence

22  Code § 1070, which protects journalists from disclosure of sources and other

23  confidential and non-confidential unpublished information collected as part of their

24  newsgathering activities.  TMZ will provide no such information.  Subject to and

25  without waiving these objections, TMZ responds as follows:

26      TMZ will produce responsive documents not subject to any privilege or

27  protection, if any, in its possession, custody or control to the extent such documents

28  can be located pursuant to a commercially reasonable and diligent search.

Exhibit 5 pg. 40

CALDWELL
LESLIE &
PROCTOR

-39-

1  **REQUEST FOR PRODUCTION NO. 58**

2      All DOCUMENTS that evidence, reflect, or memorialize any conversation

3  between Jason Beckerman and Howard E. King.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

5      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

6  further objects to this Request as overbroad and as seeking information not relevant

7  to the claims or defenses in this case and not reasonably calculated to lead to the

8  discovery of admissible evidence.  TMZ further objects to this Request as calling for

9  documents subject to the attorney-client, attorney work product and settlement

10 privileges.  Based on these objections, TMZ declines to respond to this Request.

11 **REQUEST FOR PRODUCTION NO. 59**

12     All DOCUMENTS that evidence, reflect, or memorialize the facts supporting

13 the contention in Your Second Affirmative Defense in Your Answer to the

14 complaint, that "Plaintiff lacks standing to assert the purported claims set forth in

15 the Complaint."

16 **RESPONSE TO REQUEST FOR PRODUCTION NO. 59**

17     TMZ incorporates its General Objections as if set forth fully herein.  TMZ

18 further objects to this Request as premature.  TMZ's investigation is not yet

19 complete and is continuing, and TMZ reserves the right to supplement this

20 Response.  TMZ further objects to this Request on the ground that it seeks

21 documents "supporting" TMZ's contention, and therefore seeks information that is

22 protected by the work product doctrine.  Subject to and without waiving these

23 objections, TMZ responds as follows:

24     TMZ will produce responsive documents not subject to any privilege or

25 protection relating to the stated contention, if any, in its possession, custody or

26 control to the extent such documents can be located pursuant to a commercially

27 reasonable and diligent search.

28

Exhibit 5 pg 41

CALDWELL
LESLIE &
PROCTOR

## REQUEST FOR PRODUCTION NO. 60

All DOCUMENTS that evidence, reflect, or memorialize the facts supporting the contention in Your Third Affirmative Defense in Your Answer to the complaint, that "Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of unclean hands."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 60

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as premature. TMZ's investigation is not yet complete and is continuing, and TMZ reserves the right to supplement this Response. TMZ further objects to this Request on the ground that it seeks documents "supporting" TMZ's contention, and therefore seeks information that is protected by the work product doctrine. Subject to and without waiving these objections, TMZ responds as follows:

TMZ will produce responsive documents not subject to any privilege or protection relating to the stated contention, if any, in its possession, custody or control to the extent such documents can be located pursuant to a commercially reasonable and diligent search.

## REQUEST FOR PRODUCTION NO. 61

All DOCUMENTS that evidence, reflect, or memorialize the facts supporting the contention in Your Fourth Affirmative Defense in Your Answer to the complaint, that "Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of waiver."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 61

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as premature. TMZ's investigation is not yet complete and is continuing, and TMZ reserves the right to supplement this Response. TMZ further objects to this Request on the ground that it seeks documents "supporting" TMZ's contention, and therefore seeks information that is

1  protected by the work product doctrine.  Subject to and without waiving these

2  objections, TMZ responds as follows:

3        TMZ will produce responsive documents not subject to any privilege or

4  protection relating to the stated contention, if any, in its possession, custody or

5  control to the extent such documents can be located pursuant to a commercially

6  reasonable and diligent search.

7  **REQUEST FOR PRODUCTION NO. 62**

8        All DOCUMENTS that evidence, reflect, or memorialize the facts supporting

9  the contention in Your Fifth Affirmative Defense in Your Answer to the complaint,

10  that "Plaintiff's Complaint, and each cause of action alleged therein, is barred in

11  whole or in part by the doctrine of estoppel."

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 62**

13        TMZ incorporates its General Objections as if set forth fully herein.  TMZ

14  further objects to this Request as premature.  TMZ's investigation is not yet

15  complete and is continuing, and TMZ reserves the right to supplement this

16  Response.  TMZ further objects to this Request on the ground that it seeks

17  documents "supporting" TMZ's contention, and therefore seeks information that is

18  protected by the work product doctrine.  Subject to and without waiving these

19  objections, TMZ responds as follows:

20        TMZ will produce responsive documents not subject to any privilege or

21  protection relating to the stated contention, if any, in its possession, custody or

22  control to the extent such documents can be located pursuant to a commercially

23  reasonable and diligent search.

24  **REQUEST FOR PRODUCTION NO. 63**

25        All DOCUMENTS that evidence, reflect, or memorialize the facts supporting

26  the contention in Your Sixth Affirmative Defense in Your Answer to the complaint,

27  that "Plaintiff's Complaint, and each cause of action alleged therein, is barred in

28  whole or in part by the doctrine of laches."

Exhibit 5 pg 43

CALDWELL
LESLIE &
PROCTOR

-42-

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 63**

2        TMZ incorporates its General Objections as if set forth fully herein.  TMZ

3    further objects to this Request as premature.  TMZ's investigation is not yet

4    complete and is continuing, and TMZ reserves the right to supplement this

5    Response.  TMZ further objects to this Request on the ground that it seeks

6    documents "supporting" TMZ's contention, and therefore seeks information that is

7    protected by the work product doctrine.  Subject to and without waiving these

8    objections, TMZ responds as follows:

9        TMZ will produce responsive documents not subject to any privilege or

10   protection relating to the stated contention, if any, in its possession, custody or

11   control to the extent such documents can be located pursuant to a commercially

12   reasonable and diligent search.

13   **REQUEST FOR PRODUCTION NO. 64**

14       . All DOCUMENTS that evidence, reflect, or memorialize the facts supporting

15   the contention in Your Seventh Affirmative Defense in Your Answer to the

16   complaint, that "Plaintiff's Complaint, and each cause of action alleged therein, is

17   barred in whole or in part by the First Amendment to the United States

18   Constitution."

19   **RESPONSE TO REQUEST FOR PRODUCTION NO. 64**

20       TMZ incorporates its General Objections as if set forth fully herein.  TMZ

21   further objects to this Request as premature.  TMZ's investigation is not yet

22   complete and is continuing, and TMZ reserves the right to supplement this

23   Response.  TMZ further objects to this Request on the ground that it seeks

24   documents "supporting" TMZ's contention, and therefore seeks information that is

25   protected by the work product doctrine.  Subject to and without waiving these

26   objections, TMZ responds as follows:

27       · TMZ will produce responsive documents not subject to any privilege or

28   protection relating to the stated contention, if any, in its possession, custody or

CALDWELL
LESLIE &
PROCTOR

-43-                          Exhibit 5 pg 44

1 | control to the extent such documents can be located pursuant to a commercially

2 | reasonable and diligent search.

3 | **REQUEST FOR PRODUCTION NO. 65**

4 |     All DOCUMENTS that evidence, reflect, or memorialize the facts supporting

5 | the contention in Your Eighth Affirmative Defense in Your Answer to the

6 | complaint, that "Plaintiff's second cause of action is preempted by the Copyright

7 | Act, 17 U.S.C. § 101 *et seq.*"

8 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 65**

9 |     TMZ incorporates its General Objections as if set forth fully herein.  TMZ

10 | further objects to this Request as premature.  TMZ's investigation is not yet

11 | complete and is continuing, and TMZ reserves the right to supplement this

12 | Response.  TMZ further objects to this Request on the ground that it seeks

13 | documents "supporting" TMZ's contention, and therefore seeks information that is

14 | protected by the work product doctrine.  TMZ further objects to this Request to the

15 | extent it seeks information that is protected by the attorney-client privilege or the

16 | attorney work product doctrine and/or seeks information protected from disclosure

17 | under federal and state law, including but not limited to the California Constitution,

18 | art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from

19 | disclosure of sources and other confidential and non-confidential unpublished

20 | information collected as part of their newsgathering activities.  Based on these

21 | objections, TMZ declines to respond to this Request.

22 | **REQUEST FOR PRODUCTION NO. 66**

23 |     All DOCUMENTS that evidence, reflect, or memorialize the facts supporting

24 | the contention in Your Ninth Affirmative Defense in Your Answer to the complaint,

25 | that "Plaintiff's Complaint, and each cause of action alleged therein, is barred

26 | because Plaintiff's purported copyrights are invalid."

27 |

28 |

CALDWELL
LESLIE &
PROCTOR



Exhibit 2 pg 45

-44-

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as premature. TMZ's investigation is not yet complete and is continuing, and TMZ reserves the right to supplement this Response. TMZ further objects to this Request on the ground that it seeks documents "supporting" TMZ's contention, and therefore seeks information that is protected by the work product doctrine. Subject to and without waiving these objections, TMZ responds as follows:

TMZ will produce responsive documents not subject to any privilege or protection relating to the stated contention, if any, in its possession, custody or control to the extent such documents can be located pursuant to a commercially reasonable and diligent search.

**REQUEST FOR PRODUCTION NO. 67**

All DOCUMENTS that evidence, reflect, or memorialize the facts supporting the contention in Your Tenth Affirmative Defense in Your Answer to the complaint, that "Plaintiff's Complaint, and each cause of action alleged therein, is barred because Defendants' use of the subject material constitutes fair use."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67**

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as premature. TMZ's investigation is not yet complete and is continuing, and TMZ reserves the right to supplement this Response. TMZ further objects to this Request on the ground that it seeks documents "supporting" TMZ's contention, and therefore seeks information that is protected by the work product doctrine. Subject to and without waiving these objections, TMZ responds as follows:

TMZ will produce responsive documents not subject to any privilege or protection relating to the stated contention, if any, in its possession, custody or

Exhibit 5 pg. 46

CALDWELL
LESLIE &
PROCTOR

-45-

1  control to the extent such documents can be located pursuant to a commercially

2  reasonable and diligent search.

3  **REQUEST FOR PRODUCTION NO. 68**

4       All DOCUMENTS that evidence, reflect, or memorialize the facts supporting

5  the contention in Your Eleventh Affirmative Defense in Your Answer to the

6  complaint, that "Plaintiff's Complaint, and each cause of action alleged therein, is

7  barred because Defendants' use of the subject material is *de minimis.*"

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 68**

9       TMZ incorporates its General Objections as if set forth fully herein.  TMZ

10  further objects to this Request as premature.  TMZ's investigation is not yet

11  complete and is continuing, and TMZ reserves the right to supplement this

12  Response.  TMZ further objects to this Request on the ground that it seeks

13  documents "supporting" TMZ's contention, and therefore seeks information that is

14  protected by the work product doctrine.  Subject to and without waiving these

15  objections, TMZ responds as follows:

16       TMZ will produce responsive documents not subject to any privilege or

17  protection relating to the stated contention, if any, in its possession, custody or

18  control to the extent such documents can be located pursuant to a commercially

19  reasonable and diligent search.

20  **REQUEST FOR PRODUCTION NO. 69**

21       All DOCUMENTS that evidence, reflect, or memorialize the facts supporting

22  the contention in Your Twelfth Affirmative Defense in Your Answer to the

23  complaint, that "Plaintiff's Complaint, and each cause of action alleged therein, is

24  barred because each of the elements that Plaintiff alleges were copied from its work

25  are not protectable under the Copyright Act."

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 69**

27       TMZ incorporates its General Objections as if set forth fully herein.  TMZ

28  further objects to this Request as premature.  TMZ's investigation is not yet

EXHIBIT 5 pg. 47

CALDWELL
LESLIE &
PROCTOR

1   complete and is continuing, and TMZ reserves the right to supplement this

2   Response.  TMZ further objects to this Request on the ground that it seeks

3   documents "supporting" TMZ's contention, and therefore seeks information that is

4   protected by the work product doctrine.  Subject to and without waiving these

5   objections, TMZ responds as follows:

6          TMZ will produce responsive documents not subject to any privilege or

7   protection relating to the stated contention, if any, in its possession, custody or

8   control to the extent such documents can be located pursuant to a commercially

9   reasonable and diligent search.

10  **REQUEST FOR PRODUCTION NO. 70**

11         All DOCUMENTS that evidence, reflect, or memorialize the facts supporting

12  the contention in Your Fourteenth Affirmative Defense in Your Answer to the

13  complaint, that "[a]ssuming for the sake of argument that any loss, injury or damage

14  occurred as Plaintiff alleges . . . any such loss, injury or damage was proximately

15  caused and contributed to by the negligence or wrongful conduct of other persons."

16  **RESPONSE TO REQUEST FOR PRODUCTION NO. 70**

17         TMZ incorporates its General Objections as if set forth fully herein.  TMZ

18  further objects to this Request as premature.  TMZ's investigation is not yet

19  complete and is continuing, and TMZ reserves the right to supplement this

20  Response.  TMZ further objects to this Request on the ground that it seeks

21  documents "supporting" TMZ's contention, and therefore seeks information that is

22  protected by the work product doctrine.  Subject to and without waiving these

23  objections, TMZ responds as follows:

24         TMZ will produce responsive documents not subject to any privilege or

25  protection relating to the stated contention, if any, in its possession, custody or

26  control to the extent such documents can be located pursuant to a commercially

27  reasonable and diligent search.

28

Exhibit S pg 48

CALDWELL
LESLIE &
PROCTOR

-47-

## REQUEST FOR PRODUCTION NO. 71

All DOCUMENTS that evidence, reflect, or memorialize the facts supporting the contention in Your Fourteenth Affirmative Defense in Your Answer to the complaint, that "Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of justification and privilege, in that all actions by Defendants were lawful and were fair and reasonable under the circumstances."

## RESPONSE TO REQUEST FOR PRODUCTION NO. 71

TMZ incorporates its General Objections as if set forth fully herein. TMZ further objects to this Request as premature. TMZ's investigation is not yet complete and is continuing, and TMZ reserves the right to supplement this Response. TMZ further objects to this Request on the ground that it seeks documents "supporting" TMZ's contention, and therefore seeks information that is protected by the work product doctrine. TMZ further objects to this Request to the extent it seeks information that is protected by the attorney-client privilege or the attorney work product doctrine and/or seeks information protected from disclosure under federal and state law, including but not limited to the California Constitution, art. I, § 2(b) and California Evidence Code § 1070, which protects journalists from disclosure of sources and other confidential and non-confidential unpublished information collected as part of their newsgathering activities. TMZ will provide no such information. Subject to and without waiving these objections, TMZ responds as follows:

TMZ will produce responsive documents not subject to any privilege or protection relating to the stated contention, if any, in its possession, custody or control to the extent such documents can be located pursuant to a commercially reasonable and diligent search.

## REQUEST FOR PRODUCTION NO. 72

All DOCUMENTS that evidence, reflect, or memorialize communications between Defendants TMZ or Time Warner, Inc. (or their officers, employees,

Exhibit 5 pg 49

CALDWELL
LESLIE &
PROCTOR

1  agents, representatives or attorney's [*sic*]) and Fox News Network, LLC ("Fox") or

2  News Corporation (or their officers, employees, agents, representatives or attorneys)

3  pertaining to the plaintiff, Marc Shaffel [*sic*], Debbie Rowe, this lawsuit, or the

4  lawsuit by F. Marc Schaffel Productions, Inc. against Fox and Time Warner, Inc.

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 72**

6      TMZ incorporates its General Objections as if set forth fully herein.  TMZ

7  further objects to this Request on the ground that it seeks information that is

8  protected by the attorney-client, attorney work product, or common interest

9  privileges, and on that basis decline to respond.

10

11  DATED: August 12, 2010          CALDWELL LESLIE & PROCTOR, PC
                                    LINDA M. BURROW
12                                  TINA WONG

13

14

15  By _____
16          LINDA M. BURROW
17  Attorneys for TMZ PRODUCTIONS, INC.,
    TMZ.com, and TIME WARNER, INC.

18

19

20

21

22

23

24

25

26

27

28

Exhibit S pg. 50

CALDWELL
LESLIE &
PROCTOR

-49-

DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF
TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION

| | |
|---|---|
| 1 | <div align="center">**PROOF OF SERVICE**</div> |
| 2 | **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES** |
| 3 |      At the time of service, I was over 18 years of age and **not a party to this action**. I am |
| 4 | employed in the County of Los Angeles, State of California. My business address is 1000 Wilshire Boulevard, Suite 600, Los Angeles, California 90017-2463. |
| 5 |      On August 12, 2010, I served true copies of the following document(s) described as |
| 6 | **DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION** on the interested parties in this action as follows: |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

     At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1000 Wilshire Boulevard, Suite 600, Los Angeles, California 90017-2463.

     On August 12, 2010, I served true copies of the following document(s) described as **DEFENDANT TMZ PRODUCTIONS, INC.'S OBJECTIONS TO PLAINTIFF'S NOTICE OF DEPOSITION OF TMZ PRODUCTIONS, INC. AND REQUEST FOR PRODUCTION OF DOCUMENTS AT DEPOSITION** on the interested parties in this action as follows:

Howard E. King                      Counsel for Plaintiff F. Marc Schaffel
Brian James Bird                  Productions, LLC
King Holmes Paterno and Berliner LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA 90067
Tel: (310) 282-8989
Fax: (310) 282-8903
king@khpblaw.com
bird@khpblaw.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Caldwell Leslie & Proctor, PC's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

     Executed on August 12, 2010, at Los Angeles, California.

_____
Lauren Harper

Exhibit 5 pg 51

CALDWELL
LESLIE &
PROCTOR

# EXHIBIT T

**September 10, 2010 e-mail by Brian J. Bird to Linda Burrow, regarding setting the Depositions of Harvey Levin and Mike Walters of TMZ, together with e-mail chain through September 17, 2010.**

## FW: Schaffel v. TMZ

**From:** **Brian Bird** (Bird@khpblaw.com)
**Sent:** Mon 9/20/10 9:31 AM
**To:** Howard King (King@khpblaw.com); Richard Purtich (purtich@hotmail.com)

FYI

Brian James Bird
King, Holmes, Paterno & Berliner
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
bird@khpblaw.com
Phone: 310.282.8921
Facsimile: 310.282.8903

---

**From:** Linda Burrow [mailto:burrow@caldwell-leslie.com]
**Sent:** Friday, September 17, 2010 1:20 PM
**To:** Brian Bird
**Cc:** Tina Wong
**Subject:** RE: Schaffel v. TMZ

Brian --

I'm happy to discuss more on Wednesday, but I am not inclined to produce any additional witnesses for deposition until the outstanding discovery issues are resolved. If you would like to postpone the 30(b)(6) (which, as noted below, is only on the topics for which we have already agreed to designate a witness) as well so that you can depose all of the witnesses all on the same day, that's also fine with me, although I can't guarantee that I can coordinate that many schedules until we know the date.

---

Linda M. Burrow

**Caldwell Leslie**
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017-2463
Tel 213.629.9040 Fax 213.629.9022
burrow@caldwell-leslie.com

www.caldwell-leslie.com
The information contained in this electronic mail message is privileged and confidential and is intended for the personal use of the designated recipients only. This message may not be shared with, or forwarded to, third parties without the express written permission of the sender. If you have received this message in error, please notify the sender immediately and delete all copies. Thank You.

---

**From:** Brian Bird [mailto:Bird@khpblaw.com]
**Sent:** Friday, September 17, 2010 11:34 AM
**To:** Linda Burrow
**Subject:** Re: Schaffel v. TMZ

I understand that. I am simply proposing that Mssrs. Levin and Walter be deposed on the 14th instead.

**From:** Linda Burrow
**To:** Brian Bird
**Cc:** Tina Wong
**Sent:** Fri Sep 17 11:28:10 2010
**Subject:** RE: Schaffel v. TMZ

I apologize if I was not clear. TMZ will not be designating either Mr. Levin or Mr. Walter on any issue for which we have agreed to produce a 30(b)(6) witness.

---

Linda M. Burrow

**Caldwell Leslie**
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017-2463
Tel 213.629.9040 Fax 213.629.9022
burrow@caldwell-leslie.com

www.caldwell-leslie.com

---

**From:** Brian Bird [Bird@khpblaw.com]
**Sent:** Friday, September 17, 2010 11:03 AM
**To:** Linda Burrow
**Subject:** RE: Schaffel v. TMZ

Linda- We can dispose of the PMK depos if we can arrange Mssrs. Levin and Walter for the 14th. We are not interested in multiple depositions for the same person but the possibility

Exhibit __I__ pg. __1__

that you will interpose objections at those depos does not mean they should not go forward.  Please let me know if the 14th works for said gentlemen.

Brian James Bird
King, Holmes, Paterno & Berliner
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
bird@khpblaw.com
Phone: 310.282.8921
Facsimile: 310.282.8903

---

**From:** Linda Burrow [mailto:burrow@caldwell-leslie.com]
**Sent:** Thursday, September 16, 2010 2:57 PM
**To:** Brian Bird
**Cc:** Tina Wong
**Subject:** RE: Schaffel v. TMZ

Brian --

Our corporate designees on the topics for which we have agreed to produce witnesses are both available on October 14.  Please confirm that this date is still good for you.

As for Mr. Levin and Mr. Walter, TMZ will not produce these -- or any witnesses -- for multiple depositions.  Accordingly, I think it is premature to discuss dates for these depositions until issues regarding the scope of discovery, including but not limited to the discoverability of TMZ's source for the Rowe Interview, have been resolved.

We can discuss further when we meet next week.

Best,

Linda

Linda M. Burrow

**Caldwell Leslie**
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017-2463
Tel 213.629.9040 Fax 213.629.9022
burrow@caldwell-leslie.com

www.caldwell-leslie.com
The information contained in this electronic mail message is privileged and confidential and is intended for the personal use of the designated recipients only.  This message may not be shared with, or forwarded to, third parties without the express written permission of the sender.  If you have received this message in error, please notify the sender immediately and delete all copies. Thank You.

---

**From:** Brian Bird [mailto:Bird@khpblaw.com]
**Sent:** Wednesday, September 15, 2010 4:54 PM
**To:** Linda Burrow
**Subject:** RE: Schaffel v. TMZ

As a condition of entry, I'll first need the dates for the depos.

Brian James Bird
King, Holmes, Paterno & Berliner
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
bird@khpblaw.com
Phone: 310.282.8921
Facsimile: 310.282.8903

---

**From:** Linda Burrow [mailto:burrow@caldwell-leslie.com]
**Sent:** Wednesday, September 15, 2010 4:20 PM
**To:** Brian Bird
**Subject:** Re: Schaffel v. TMZ

Exhibit I pg 2

That's fine.

I'll come to your office.

------------------------
Linda M. Burrow
Caldwell Leslie & Proctor, PC

**From:** Brian Bird
**To:** Linda Burrow
**Sent:** Wed Sep 15 14:17:35 2010
**Subject:** RE: Schaffel v. TMZ
I assume we will also be addressing your responses.

Brian James Bird
King, Holmes, Paterno & Berliner
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
bird@khpblaw.com
Phone: 310.282.8921
Facsimile: 310.282.8903

**From:** Linda Burrow [mailto:burrow@caldwell-leslie.com]
**Sent:** Wednesday, September 15, 2010 11:50 AM
**To:** Brian Bird
**Subject:** RE: Schaffel v. TMZ

Let's say 2:00 Wednesday afternoon.

If you want to do it in person, I'll come to you. Phone is fine with me, however. Just let me know what you prefer.

Thanks.

Linda M. Burrow

**Caldwell Leslie**
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017-2463
Tel 213.629.9040 Fax 213.629.9022
burrow@caldwell-leslie.com

**www.caldwell-leslie.com**

The information contained in this electronic mail message is privileged and confidential and is intended for the personal use of the designated recipients only. This message may not be shared with, or forwarded to, third parties without the express written permission of the sender. If you have received this message in error, please notify the sender immediately and delete all copies. Thank You.

**From:** Brian Bird [mailto:Bird@khpblaw.com]
**Sent:** Wednesday, September 15, 2010 10:47 AM
**To:** Linda Burrow
**Subject:** RE: Schaffel v. TMZ

I trust the "post" does not mean Pony Express. As for meet and confer, I would prefer next Wednesday or Thursday afternoon

Brian James Bird
King, Holmes, Paterno & Berliner
1900 Avenue of the Stars
25th Floor
Los Angeles, California 90067
bird@khpblaw.com
Phone: 310.282.8921
Facsimile: 310.282.8903

**From:** Linda Burrow [mailto:burrow@caldwell-leslie.com]

Exhibit I pg 3

**Sent:** Monday, September 13, 2010 9:04 PM
**To:** Brian Bird; Tina Wong
**Cc:** Howard King; Richard Purtich
**Subject:** RE: Schaffel v. TMZ

Brian --

I have passed the dates on to my client.  I'll keep you posted.

In the meantime, can you and I set up a time to meet and confer regarding your discovery responses?  I'm generally free this week.

Thanks,

Linda

_____

Linda M. Burrow

**Caldwell Leslie**
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, CA 90017-2463
Tel 213.629.9040 Fax 213.629.9022
burrow@caldwell-leslie.com

www.caldwell-leslie.com

_____

**From:** Brian Bird [Bird@khpblaw.com]
**Sent:** Friday, September 10, 2010 12:54 PM
**To:** Linda Burrow; Tina Wong
**Cc:** Howard King; Richard Purtich
**Subject:** Schaffel v. TMZ

Linda and Tina- Despite the best efforts of mice and men, we are seemingly unable to obtain dates from you for the 30 (b) ) depo.  We have on several occasions (starting August 6) attempted to coordinate same and offered up September 27-28, October 4 and 11-15. Those dates are still good and we would like to set not only that deposition but also the depositions of Mssrs Harvey Levin and Mike Walter in that same time period.  While one can appreciate the vagaries of the litigation business and the difficulty in calendaring matters, this really does need to get done.  Your anticipated professional courtesy and cooperation is appreciated.

Brian James Bird

King, Holmes, Paterno & Berliner

1900 Avenue of the Stars

25th Floor

Los Angeles, California 90067

bird@khpblaw.com

Phone: 310.282.8921

Facsimile: 310.282.8903

KING, HOLMES, PATERNO & BERLINER servers will be down for maintenance from 9/10/2010 8:00 P.M. PST-9/13/2010 8:00 AM PS

Exhibit I pg 4

# EXHIBIT U

**September 23, 2010 Notices of Depositions of Harvey Levin and Mike Walters for October 4, 2010**

1  KING, HOLMES, PATERNO & BERLINER LLP
   HOWARD E. KING, ESQ., CA STATE BAR NO. 077012
2  BRIAN J. BIRD, ESQ. CA STATE BAR NO. 081614
   1900 AVENUE OF THE STARS, 25TH FLOOR
3  LOS ANGELES, CALIFORNIA 90067-4506
   E-MAIL:    BIRD@KHPBLAW.COM
4  TELEPHONE: (310) 282-8989
   FACSIMILE:  (310) 282-8903
5
   Attorneys for Plaintiff
6  F. MARC SCHAFFEL PRODUCTIONS,
   LLC
7

8              UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10 | F. MARC SCHAFFEL          | CASE NO. CV10-01306 GHK (SSx)
11 | PRODUCTIONS, LLC, a California | Hon. George H. King
   | limited liability company,   | **NOTICE OF TAKING DEPOSITION
12 |         Plaintiff,           | OF HARVEY LEVIN**
13 |    vs.                       | Date:    October 4, 2010
   |                              | Time:    10:00 a.m.
14 | TMZ PRODUCTIONS, INC., a     | Place:
   | California corporation; TMZ.com, a |   King, Holmes, Paterno & Berliner, LLP
15 | fictional entity of unknown form; TIME |   1900 Avenue of the Stars, 25th Floor
   | WARNER, INC. a Delaware       |   Los Angeles CA 90067-4506
16 | Corporation; and DOES 1-20, inclusive, |
   |                              | Action Commenced: February 22, 2010
17 |         Defendants.          |

18

19

20     TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

21     PLEASE TAKE NOTICE that Plaintiff F. MARC SCHAFFEL

22 PRODUCTIONS, LLC will take the deposition of Harvey Levin, an employee of

23 Defendant TMZ PRODUCTIONS, INC., on **Monday, October 4, 2010 at

24 10:00 a.m.,** at the law offices of King, Holmes, Paterno & Berliner, LLP, located at

25 1900 Avenue of the Stars, 25th Floor, Los Angeles, California 90067.

26 ///

27 ///

28 ///

3005.063/354796.1

Exhibit U pg. 1

1      Said deposition will be taken before a notary public authorized to administer

2  oaths in the State of California, and will continue from day to day, Saturdays,

3  Sundays and holidays excluded, until completed.

4

5  DATED:  September 23, 2010     KING, HOLMES, PATERNO & BERLINER, LLP

6

7                        By: _____

8                             BRIAN J. BIRD
                                   Attorneys for Plaintiff

9                 F. MARC SCHAFFEL PRODUCTIONS, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit V pg 2

1

2
## CERTIFICATE OF SERVICE

3       I certify that on September 23, 2010, I have mailed the foregoing **NOTICE**

4 **OF TAKING DEPOSITION OF HARVEY LEVIN** by Electronic Mail and First

5 Class Mail, postage prepaid, to the following case participants, at the following

6 addresses:

7

8 Christopher G. Caldwell, Esq.        *Attorneys for TMZ PRODUCTIONS,*
  Linda M. Burrow, Esq.               *INC. and TELEPICTURES*
9 Arwen R. Johnson, Esq.              *PRODUCTIONS*
10 Caldwell Leslie & Proctor, PC
11 1000 Wilshire Boulevard, Suite 600
   Los Angeles, California 90017-2463
12 Tel:    (213) 629-9040
   Fax:    (213) 629-9022
13 Email: burrow@caldwell-leslie.com
14 Email: johnson@caldwell-leslie.com

15

16

17 DINA WEBB

18

19

20

21

22

23

24

25

26

27

28

Exhibit U pg 3

3005.063/354796.1

1  KING, HOLMES, PATERNO & BERLINER LLP
   HOWARD E. KING, ESQ., CA STATE BAR NO. 077012
2  BRIAN J. BIRD, ESQ. CA STATE BAR NO. 081614
   1900 AVENUE OF THE STARS, 25TH FLOOR
3  LOS ANGELES, CALIFORNIA 90067-4506
   E-MAIL:    BIRD@KHPBLAW.COM
4  TELEPHONE: (310) 282-8989
   FACSIMILE:  (310) 282-8903
5
   Attorneys for Plaintiff
6  F. MARC SCHAFFEL PRODUCTIONS,
   LLC
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10 F. MARC SCHAFFEL                    CASE NO. CV10-01306 GHK (SSx)
   PRODUCTIONS, LLC, a California      Hon. George H. King
11 limited liability company,
                                       **NOTICE OF TAKING DEPOSITION
12             Plaintiff,              OF MIKE WALTERS**

13     vs.                             Date:      October 4, 2010
                                       Time:      2:00 p.m.
14 TMZ PRODUCTIONS, INC., a            Place:
   California corporation; TMZ.com, a     King, Holmes, Paterno & Berliner, LLP
15 fictional entity of unknown form; TIME  1900 Avenue of the Stars, 25th Floor
   WARNER, INC. a Delaware               Los Angeles CA 90067-4506
16 Corporation; and DOES 1-20, inclusive,
                                       Action Commenced: February 22, 2010
17             Defendants.

18

19

20     TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

21     PLEASE TAKE NOTICE that Plaintiff F. MARC SCHAFFEL

22 PRODUCTIONS, LLC will take the deposition of Mike Walters, an employee of

23 Defendant TMZ PRODUCTIONS, INC., on **Monday, October 4, 2010 at**

24 **2:00 p.m.**, at the law offices of King, Holmes, Paterno & Berliner, LLP, located at

25 1900 Avenue of the Stars, 25th Floor, Los Angeles, California 90067.

26 / / /

27 / / /

28 / / /

3005.063/375019.1                           Exhibit U pg 4

1        Said deposition will be taken before a notary public authorized to administer

2    oaths in the State of California, and will continue from day to day, Saturdays,

3    Sundays and holidays excluded, until completed.

4

5    DATED:  September 23, 2010    KING, HOLMES, PATERNO & BERLINER, LLP

6

7                       By: _Brian Bird (db)_____

8                            BRIAN J. BIRD
                          Attorneys for Plaintiff
9               F. MARC SCHAFFEL PRODUCTIONS, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING, HOLMES,
PATERNO
& BERLINER LLP

3005.063/375019.1                    2

Exhibit U pg 5

1
2                     **CERTIFICATE OF SERVICE**
3          I certify that on September 23, 2010, I have mailed the foregoing **NOTICE**
4  **OF TAKING DEPOSITION OF MIKE WALTERS** by Electronic Mail and First
5  Class Mail, postage prepaid, to the following case participants, at the following
6  addresses:
7  Christopher G. Caldwell, Esq.              *Attorneys for TMZ PRODUCTIONS,*
   Linda M. Burrow, Esq.                      *INC. and TELEPICTURES*
8  Arwen R. Johnson, Esq.                     *PRODUCTIONS*
9  Caldwell Leslie & Proctor, PC
   1000 Wilshire Boulevard, Suite 600
10 Los Angeles, California 90017-2463
11 Tel:   (213) 629-9040
   Fax:   (213) 629-9022
12 Email: burrow@caldwell-leslie.com
13 Email: johnson@caldwell-leslie.com
14
15
16                                          _____
                                            DINA WEBB
17
18
19
20
21
22
23
24
25
26
27
28
                                           Exhibit U pg 6

3005.063/375019.1

# EXHIBIT V

**September 28, 2010 Linda Burrow letter to Brian J. Bird regarding Harvey Levin and Mike Walters Depositions**

# Caldwell Leslie

Caldwell Leslie & Proctor, PC

1000 Wilshire Boulevard, Suite 600  Los Angeles, CA  90017-2463   Tel 213.629.9040   Fax 213.629.9022   www.caldwell-leslie.com

**BY EMAIL AND**
**FIRST-CLASS MAIL**

**LINDA M. BURROW**
burrow@caldwell-leslie.com

September 28, 2010

Brian J. Bird, Esq.
King, Holmes, Paterno & Berliner, LLP
1900 Avenue of the Stars, 25th Floor
Los Angeles, CA  90067

Re:   *F. Marc Schaffel Productions, LLC v. TMZ Productions, et al.*
      Case No.: CV 10-1306

Dear Brian:

This letter is in response to the Notice of Taking Deposition of Harvey Levin and the
Notice of Taking Deposition of Mike Walters (collectively, the "Notices") that your
office served by email on Thursday, September 23, 2010 and which purport to require
Mr. Levin and Mr. Walters to appear for deposition on October 4, 2010.  As we agreed in
our September 22, 2010 meet and confer, the TMZ Defendants agree that Plaintiff may
obtain the depositions of any TMZ employees, including Mr. Levin and Mr. Walters,
through service of a notice served on this office, without the need for a subpoena,
subject to and without waiver of any other objections the TMZ Defendants might have.

You indicated in our September 23, 2010 meeting, as you have on prior occasions, that
Plaintiff intends to question Mr. Levin and Mr. Walters regarding, among other topics,
the source from which TMZ obtained the interview of Debbie Rowe(the "Rowe
Interview"), which includes the video clip used in the story "Debbie Rowe – Shoot Me
Up!"  TMZ Productions, Inc. and Time Warner, Inc. (collectively, the "TMZ
Defendants") object to this line of questioning on numerous grounds, most notably that
it seeks information protected from disclosure under federal and state law, including but
not limited to the California Constitution, art. I, § 2(b) and California Evidence Code §
1070, which protects journalists from disclosure of sources and other confidential and
non-confidential unpublished information collected as part of their newsgathering
activities.  Unless ordered by the Court otherwise, the TMZ Defendants will instruct
both Mr. Levin and Mr. Walters not to answer any questions that seek such information,

Exhibit V pg. 1

Brian J. Bird, Esq.
September 28, 2010
Page 2

just as the TMZ Defendants have to date refused to respond to document requests and to designate 30(b)(6) witnesses seeking the identity of TMZ's source.

You have indicated that you intend to file a motion to compel the TMZ Defendants to reveal the source from which TMZ obtained the Rowe Interview. While the TMZ Defendants believe that they will prevail on any such motion, they also recognize that the outcome of your anticipated motion will determine, in part, the scope of the questioning at the depositions of Mr. Levin and Mr. Walters. Accordingly, to avoid undue burden to both witnesses – and to the TMZ Defendants – the TMZ Defendants will not produce either Mr. Levin or Mr. Walter for deposition until the court has ruled on your anticipated motion to compel. Once the Court has ruled upon the appropriate scope of questioning for both witnesses, the TMZ Defendants will work with you to determine mutually-convenient dates, times and locations for each witness' deposition.

Please do not hesitate to contact me if you have any questions. Please also be aware that, except as stated expressly in this letter with respect to the manner of service of the Notices, nothing in this letter is intended to be, or should be construed as, a waiver of any of the TMZ Defendants' rights, remedies or objections, all of which the TMZ Defendants expressly reserve.

Very truly yours,

LINDA M. BURROW

cc:     Tina Wong, Esq.

Exhibit V pg 2

# EXHIBIT W

**October 4, 2010 Brian J. Bird letter to Linda Burrow re Harvey Levin and Mike Walters Depositions**

KING, HOLMES, PATERNO & BERLINER, LLP

1900 AVENUE OF THE STARS
TWENTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE (310) 282-8989
FACSIMILE (310) 282-8903

HOWARD E. KING
KEITH T. HOLMES
PETER T. PATERNO
JILL H. BERLINER
BRIAN A. BIRD
STEPHEN D. ROTHSCHILD
LESLIE E. FRANK
STEVEN J. PLINIO
SETH MILLER
MICHELLE N. JUBELIRER*
MADGE S. BELETSKY
CHARLES LOZOW*
JOSEPH M. CARLONE
KATHERINE E. AVERY

*ADMITTED IN NEW YORK ONLY

OF COUNSEL
JACK FRIED
NIKKI WOLONTIS
DANNA L. COOK
JEFFREY P. SILBERMAN

WRITER'S DIRECT DIAL:

(310) 282-8921

October 4, 2010

**VIA E-MAIL AND U.S. MAIL**

Linda M. Burrow, Esq.
Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600
Los Angeles, California 90017

Re:   F. Marc Schaffel Productions, LLC v. TMZ Productions, Inc., et al.
      United States District Court, Case No. CV10-01306 GHK (SSx)

Dear Linda:

This office is in receipt of your letter dated September 28, 2010, in which you refer to the September 22, 2010 meet and confer and our discussions regarding the noticed depositions of Harvey Levin and Mike Walters.

As stated in your letter, this office's client F. Marc Schaffel Productions, Inc. ("Schaffel") does intend to question Messrs. Levin and Walters about, among other topics, the sources from which TMZ obtained the interview of Debbie Rowe ("Rowe Interview") which includes the video clip used in TMZ's story entitled "Debbie Rowe – Shoot Me Up!" ("Confidential Outtakes"). The Confidential Outtakes depict highly private and sensitive thoughts and comments of Debbie Rowe ("Rowe"), the ex-wife of internationally celebrated entertainer Michael Jackson and were evidently obtained under the most suspicious of circumstances, as detailed below.

TMZ Productions, Inc. and Time Warner, Inc. ("TMZ Defendants") have objected to this line of questioning, primarily based upon the qualified reporter's privilege, derived from the California Constitution, Article I, Section 2(b) and California Evidence Code, Section 1070. Further, your letter and comments at the meet and confer state that the TMZ Defendants will instruct Messrs. Levin and Walters not to answer any questions that seek the identity of the sources of the Rowe Interview and the Confidential Outtakes.

Based thereupon, you have stated that you will not produce Mr. Levin or Mr. Walters for deposition until the Court has ruled on a motion to compel, ostensibly so as to ascertain the

Exhibit W pg. 1

KING, HOLMES, PATERNO & BERLINER, LLP

Linda M. Burrow, Esq.
October 4, 2010
Page 2

"appropriate scope of questioning for both witnesses."[1]   As stated at the meet and confer, notwithstanding which procedural motion is brought, this office does not believe the privilege applies to the instant action and accordingly, in discharge of our obligations under Rule 37-1 of the Local Rules – Central District of California, I am writing to explain why and to specify the terms of the discovery order which we will seek.

\*     \*     \*     \*     \*

As you are aware, this dispute arises out of the TMZ Defendants' unauthorized use of the Rowe Interview and Confidential Outtakes which infringed copyrights held by Schaffel and the conversion of the Rowe Interview and Confidential Outtakes to the use and commercial gain of the TMZ Defendants.  As you are also aware, and by way of background, Michael Jackson was indicted by the District Attorney, County of Santa Barbara, on charges of child molestation in December 2003.  As part of the investigation, on or about January 31, 2004, the Santa Barbara County Sheriff ("County Sheriff") obtained and executed upon a search warrant on Schaffel's home.  The search warrant itself specified that upon seizure, any property was to be kept in custody pending further order of the Court.  Among the things seized were various videos which included the Rowe Interview.  On November 1, 2005, the County Sheriff returned to Schaffel what was represented by the County Sheriff to be all of the property seized pursuant to the warrant.  Schaffel has never conveyed or released the Confidential Outtakes to anyone.

On July 20, 2009, TMZ posted the Confidential Outtakes portions of the Rowe Interview on its website which consisted of a casual and jocular conversation between an interviewer and Rowe joking about using sedation to combat stage fright that was never intended to be publicly disclosed unless Schaffel and Rowe consented thereto.[2]   The posting refers to "GM-TV" and includes the following language: "This video – part of the Santa Barbara County Sheriff's file for Michael Jackson's 2005 molestation trial – features Rowe cracking drug jokes just before her retort to Martin Bashir's explosive TV special."

Immediately upon airing of the Confidential Outtakes, Schaffel and Rowe demanded that the Confidential Outtakes be removed from any further dissemination and that TMZ's sources for the Confidential Outtakes be provided.  On July 24, 2009, TMZ removed the Confidential Outtakes from further posting and agreed to provide the sources for the video.  At first, the TMZ Defendants, through Jason Beckerman, stated that the source for the Confidential Outtakes was the County Sheriff, as revealed in the posting.  Then Mr. Beckerman stated that "to be more

---

[1] As pointed out at the meet and confer, Schaffel believes the proper procedure is for the TMZ Defendants is to seek a protective order and that in the absence thereof, Schaffel is entitled to proceed with depositions, pose the questions it desires and resolve any remaining issues regarding privilege thereafter.

[2] As stated at the meet and confer, we have not determined if the Confidential Outtakes were also broadcast or cablecast.  You indicated you did not believe so but represented you would investigate same.

Exhibit __W__ pg __2__

KING, HOLMES, PATERNO & BERLINER, LLP

Linda M. Burrow, Esq.
October 4, 2010
Page 3

accurate," the Confidential Outtakes were found within the publicity-accessible files of the County Sheriff. When Schaffel sought to confirm same with the County Sheriff, it was told that the County Sheriff was not the source. On July 30, 2009, after the County Sheriff vehemently denied being the source of the Confidential Outtakes for TMZ, TMZ retracted its prior statement, and stated that the Confidential Outtakes had been obtained from another third party source which TMZ then refused to identify.

Respectfully, Schaffel is entitled to depose Messrs. Levin and Walters and inquire, without objection or instruction, as to the source of the Rowe Interview and the Confidential Outtakes.

As stated at the meet and confer, the qualified reporter's privilege is just that – qualified. In a civil action, a reporter, editor or publisher has a qualified privilege to withhold disclosure of the identity of confidential sources and of unpublished information supplied by such sources – the applicability and scope of the privilege to be determined by a weighing of factors including (i) the nature of the litigation and whether the reporter is a party; (ii) the relevance of the information sought; (iii) whether plaintiff has exhausted alternative sources of obtaining the needed information; (iv) the importance of protecting the alleged confidentiality; and (v) a prima facie showing regarding liability. Mitchell v. Superior Court (1984) 37 Cal.3d 268; KSDO v. Superior Court (1982) 136 Cal.App.3d 375.[3]

Here, where the reporter/journalist is a party and successful assertion of the privilege will effectively shield him from liability, the equities weight in favor of disclosure. Zerilli v. Smith (D.C. Cir. 1981) 656 F.2d 705. Disclosure of the source here will permit Schaffel to adduce evidence probative of the copyright and conversion causes of action and will allow inquiry into the "fair use" defense raised by the TMZ Defendants, insofar as the source will have information pertaining to the "good faith" of the TMZ Defendants in obtaining the Confidential Outtakes and their knowledge of ownership of same. Conversely, non-disclosure will allow the TMZ Defendants to avoid inquiry into the conversion claim and preclude inquiring into a substantial portion of the "fair use" defense.

Likewise, disclosure of the sources is certainly relevant. Again, the sources will provide evidence directed specifically to the conversion cause of action. Moreover, the facts and circumstances surrounding the procurement of the Confidential Outtakes go directly to the "fair use" defense raised by the TMZ Defendants. Relevant to the character of any "use" of

---

[3] Under the federal law of privilege, to overcome a non-party assertion of a reporter's privilege, a party seeking discovery must show that the information is: (i) unavailable despite exhaustion of all reasonable alternative sources; (ii) non-cumulative; and (iii) clearly relevant. Schoen v. Schoen (9th Cir. 1995) 48 F.3d 412, 416. The factors in Mitchell generally subsume the factors enunciated by Schoen and are therefore dealt with herein inasmuch as the Complaint contains both federal and state substantive law.



Exhibit W pg 3

KING, HOLMES, PATERNO & BERLINER, LLP

Linda M. Burrow, Esq.
October 4, 2010
Page 4

copyrighted material is the "propriety of the defendant's conduct." Harper & Row Publishers Inc. v. Nation Enterprises (1985) 471 U.S. 539. "Fair use" presupposes "good faith" and "fair dealing." Time Inc. v. Bernard Geis Associates (SDNY 1968) 293 F.Supp. 130, 146. If the TMZ Defendants purposely and knowingly exploited a purloined video, then they are no better than the "chiseler who infringes a work for personal profit." Wainwright Securities Inc. v. Wall Street Transcript Corp. (2d Cir. 1977) 558 F.2d 91.

Third, Schaffel has exhausted all alternative sources. It has been told by the TMZ Defendants that it was the County Sheriff which was the source. The TMZ Defendants then conveniently retracted that statement and stitched their mouths closed. Notwithstanding, Schaffel made demand upon the County Sheriff for all information, facts and documents related to dissemination of the Confidential Outtakes since Schaffel had not distributed same to any other person or entity. The County Sheriff has vehemently denied that it did anything to disseminate the Rowe Interview or the Confidential Outtakes.

With respect to the Mitchell factor involving the importance of protecting the sought-after information, TMZ is hard-pressed to argue that the posting of the Confidential Outtakes and the protection of the sources serves a high, public purpose. The Confidential Outtakes do not relate to the investigation and revelation of hidden criminal or public official conduct imbued with some public importance.

Lastly, with respect to the Mitchell factors, Schaffel has demonstrated that it is the copyright owner of the Rowe Interview and Confidential Outtakes, that it did not grant permission to the TMZ Defendants to utilize same and that the videos were somehow surreptitiously obtained. To be sure, Schaffel has shown a prima facie case.

Moreover, even if we were to assume the "qualified reporter's privilege" somehow applied, given Mr. Beckerman's ever-shifting pronouncements and subsequent silence regarding the sources, the TMZ Defendants have waived any such privilege. Dalitz v. Penthouse International (1985) 168 Cal.App.3d 468, 480. Mr. Beckerman voluntarily disclosed information about potential sources and effectively offered revelations about the sources that eliminate any notion that the privilege should apply. Wheeler v. Goulart, 539 A.2d 173 (D.C. C.A. 1991); Sible v. Lee Enterprises, 729 P.2d 1271 (Montana Supreme Court 1986).

Unless the TMZ Defendants certify in writing that they will not interpose the "qualified reporter's privilege" in any depositions taken in this matter and further, refrain from instructing any witness not to answer any question based upon same, Schaffel intends to file a motion seeking an order to (i) compel the depositions of Messrs. Levin and Walters; (ii) preclude TMZ Defendants from interposing such objection and/or instruction not to answer based thereupon; and (iii) reimburse Schaffel for "reasonable expenses [Schaffel] incurred in making the motion ..." Fed.R.Civ.P. 37(a)(5)(A).

Exhibit W pg. 4

KING, HOLMES, PATERNO & BERLINER, LLP

Linda M. Burrow, Esq.
October 4, 2010
Page 5


While these issues were discussed at our meet and confer, we would request that you reconsider your position in view of the above. If the TMZ Defendants do not so stipulate, then pursuant to Rule 37-1 of the Local Rules, Central District of California, we herby request a conference with you within the next ten (10) days.

Very truly yours,

Brian James Bird
of King, Holmes, Paterno & Berliner, LLP


BJB:djc
cc:    Howard E. King, Esq.

3005.063/376662.1

Exhibit W pg 5

# EXHIBIT X

**October 5, 2010 Linda Burrow letter to Brian J. Bird re Harvey Levin and Mike Walters Depositions**

# Caldwell Leslie

COPY TO HEK ✓  JHB
BJB ✓  DC ✓  JSGE ⓘ
KTH ✓  SM___  PTP___  SJP___
SDR___  NUS ✓  DW ✓  RRP✓
3005.063

Caldwell Leslie & Proctor, PC
1000 Wilshire Boulevard, Suite 600  Los Angeles, CA  90017-2463   Tel 213.629.9040   Fax 213.629.9022   www.caldwell-leslie.com

**LINDA M. BURROW**
burrow@caldwell-leslie.com

<u>BY EMAIL AND</u>
<u>FIRST-CLASS MAIL</u>

October 5, 2010

Brian J. Bird, Esq.
King, Holmes, Paterno & Berliner, LLP
1900 Avenue of the Stars
Twenty-Fifth Floor
Los Angeles, CA 90067-4506

Re:  *F. Marc Schaffel Productions, LLC v. TMZ Productions, Inc., et al.,* USDC Case No. CV10-1306 GHK (SSx)

Dear Brian:

I am writing in response to your letter dated October 4, 2010 regarding Defendants TMZ Productions, Inc. ("TMZ") and Time Warner, Inc.'s ("TWI") intent to assert the reporter's privilege in response to deposition questions regarding the identity of the sources from which TMZ obtained the interview of Debbie Rowe (the "Rowe Interview"), including the portions which you have dubbed the "Confidential Outtakes." We disagree with both your recitation of the facts and your analysis regarding the applicability of the reporter's privilege in this case.

Contrary to your representation, Jason Beckerman did not "agree[] to provide the sources for the video." Rather, on July 20, 2009, Howard King contacted TMZ and demanded that it remove the Rowe Interview from its website, claiming that the posting of the video violated copyrights allegedly held by Plaintiff F. Marc Schaffel Productions, LLC ("Schaffel"). In an email response, Mr. Beckerman informed you that TMZ's use of the video fell within the "fair use" exception to the copyright laws. In the context of subsequent settlement discussions undertaken to avoid the costs of litigation, Mr. Beckerman informed you that which he believed, at the time, to be accurate—that the video was obtained from among other publicly available information. As part of a negotiated settlement, TMZ also agreed to remove the video from its website, even though it continued to believe that its use of the video was "fair use" under the copyright

Exhibit ___X___ pg.___1___

Brian J. Bird, Esq.
October 5, 2010
Page 2

laws, and that TMZ did not violate any copyrights owned by Schaffel. There was no freestanding "agreement" to provide you with the identity of TMZ's sources.

In any case, your reliance on information provided to you during settlement discussions to pierce the reporter's privilege is improper. Nor is there any merit to your argument that TMZ waived the reporter's privilege when "Mr. Beckerman voluntarily disclosed information about potential sources and effectively offered revelations about the sources." *See J.J.C. v. Fridell*, 165 F.R.D. 513, 516-17 (D. Minn. 1995) (newspaper did not waive reporter's privilege by stating that certain persons were *not* its sources). This would be true even if Mr. Beckerman agreed to provide Mr. King with the video's source (which we dispute), and even if it were proper for Schaffel to proffer evidence of information exchanged in settlement negotiations (which we also dispute). *See, e.g., Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 342 (9th Cir. 1996) (holding that "mere agreement to waive the [attorney-client] privilege does not, without disclosure, constitute a waiver of the holder's right to claim it subsequently").

We also disagree with your analysis regarding the applicability of the reporter's privilege in this case. The First Amendment extends broad protections to journalists seeking to protect confidential sources, and this privilege may be abrogated only in compelling circumstances. *See Zerilli v. Smith*, 656 F.2d 705, 711 (D.C. Cir. 1981). In particular, "mere relevance is insufficient to compel discovery; disclosure should be denied unless the information goes 'to the heart of the plaintiff's claim.' " *Mitchell v. Superior Court*, 37 Cal.3d 268, 280 (1984). Here, the information that you seek is, at best, peripheral to Schaffel's claims.

Contrary to your suggestion, TMZ's fair use defense does not turn on its "good faith." *See* 4 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 13.05[A][1][d] (Matthew Bender, Rev. Ed.) (noting trend toward formulation of fair use defense where defendant's state of mind is irrelevant to determining whether defense is applicable). Moreover, the fair use doctrine is a *defense*. Its elements have nothing to do with Schaffel's claims, much less the "heart" of those claims. Nor is TMZ's source at the "heart" of Schaffel's conversion claim, such that it cannot be proven except by access to the information you seek. Assuredly, Schaffel itself is in the best position to know whether its tangible property remains in its possession.

In short, the arguments set forth in your letter fall far short of the stringent circumstances needed to abrogate TMZ's right to protect its confidential sources. We

Exhibit X pg. 2

Brian J. Bird, Esq.
October 5, 2010
Page 3

therefore hope you will reconsider your intent to file a meritless motion to compel
testimony identifying these sources.  Should you proceed with a motion nonetheless,
TMZ will seek to recover its fees and costs incurred in opposing the motion.  Please let
me know if you still wish to confer in person or by telephone regarding this matter.


Very truly yours,


LINDA M. BURROW


Exhibit X pg 3

# EXHIBIT Y

**July 16, 2010 Initial Scheduling Dates Order**

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-1306-GHK(SSx) | | Date | JULY 16, 2010 |
|---|---|---|---|---|
| Title | F. MARC SCHAFFEL PRODUCTIONS, LLC vs. TMZ PRODUCTIONS, INC, et al. | | | |

**Presiding: The Honorable      GEORGE H. KING, U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

(NONE)                                             (NONE)

**Proceedings:**      (IN CHAMBERS) ORDER: (1) VACATING SCHEDULING CONFERENCE; AND
(2) ENTERING SCHEDULING DATES

This matter is before us for scheduling conference. We have considered the Joint Report of Parties'
Planning Meeting, and determine that an in-person scheduling conference is unnecessary. Accordingly, the
scheduling conference set for July 19, 2010 is hereby Vacated and Taken Off Calendar. We now enter the
following scheduling order:

1. Any stipulation or motion to amend as to any claims, defenses and/or parties shall be lodged/filed by
no later than August 16, 2010, failing which it shall be deemed that party's waiver of any such amendments in
this action.
2. All discovery (both fact and expert) shall be COMPLETED by no later than January 10, 2011.
Completion means that any discovery that is not received in hand by the requesting party by the completion date
will be denied.
3. The parties shall designate their expert witnesses, and make the required disclosures, by no later than
November 15, 2010, and do likewise for any rebuttal expert witnesses by no later than December 10, 2010.
4. The parties shall comply with Local Rule 16-15 by no later than January 21, 2011. The parties elect to
go to private mediation. We approve this election. If the case is resolved, counsel shall notify the court clerk
forthwith. If the case is not resolved at mediation, counsel shall file a joint status report with the court within 48
hours of termination of mediation.
5. Any motion for summary judgment shall be filed in compliance with the Local Rules, as well as our
Order Re: Summary Judgment Motions issued concurrently herewith, by no later than February 28, 2011, and
noticed for hearing thereafter regularly under the Local Rules. Any untimely or non-conforming motion will be
denied.

We will set pre-trial conference and trial dates, if necessary, after resolution of the summary judgment
motion.

IT IS SO ORDERED.

                                                            :

                              Initials of Preparer      IR for Bea

CV-90 (06/04)                        **CIVIL MINUTES - GENERAL**                        Page 1 of 1

**EXHIBIT    Y**